GRAVES *et al. v.* DISTRICT GRAND LODGE No. 18, etc.

1. When the question as to use of the name in controversy was before this court in *Graves* v. *District Grand Lodge No. 18, etc.,* 155 *Ga.* 147, we held: "As a general rule appertaining to fraternal, charitable, and beneficial associations, the right to use a particular name for the association is dependent upon the prior use of the name in question, or one so similar thereto as to lead to confusion, regardless of whether such association is incorporated or not. A fraternal order by adopting the same name which was previously used by a fraternal association acquires no additional right to the use of the name by incorporation." If the association or corporation first appropriating and using the name has a clear right to its use, its subsequent use by another corporation knowing of the right is presumed to be fraudulent.

2. In a case where it is charged that one beneficial incorporated association is using a name which by prior use appertains to another fraternal organization, mere proof by the plaintiff that the defendant was using the name which it had adopted to distinguish it from similar organizations would not entitle the plaintiff to relief; but when it is made to appear that the name in question is being used, or indeed if it is shown that it can be used, to mislead the public and induce the belief that the association which is using the name which another is justly entitled to use upon the grounds stated in the first headnote, the defendant should be enjoined from the use of this name in toto, and not merely partially enjoined. It appears from the evidence that the defendant, a corporation chartered under the laws of Georgia, is using the name District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia, in the conduct of its operations, and that this association is not affiliated or connected with the Grand United Order of Odd Fellows of America in any way; and it further appears that the plaintiffs are affiliated with members of the Grand United Order of Odd Fellows of America, which is composed of a number of districts, the plaintiffs constituting the recognized officers of District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia. The defendant should be enjoined from the use of the name in toto, and the court erred in restricting the relief granted by permitting the defendant to use the term above referred to by merely adding thereto the suffix "incorporated."

3. It was further error to omit or refuse to enjoin the use by the defendant of the ritual, passwords, signs, tokens, etc., of the national order known as the Grand United Order of Odd Fellows of America.

No. 4479. SEPTEMBER 22, 1925.

Injunction. Before Judge Bell. Fulton superior court. May 3, 1924.

*Little, Powell, Smith & Goldstein* and *Colquitt & Conyers,* for plaintiffs.

*Branch & Howard, Brandon & Hynds,* and *C. P. Goree,* for defendant.

Russell, C. J. The plaintiffs in error filed this petition to enjoin the defendants in error from using the name "District Grand Lodge Number 18, Grand United Order of Odd Fellows in America, Jurisdiction of Georgia." The prayers of the petition were, that the Georgia corporation known as District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia, be enjoined from in any manner using in Georgia the name of District Grand Lodge No. 18, Grand United Order of Odd Fellows in America, Jurisdiction of Georgia, or from using the distinctive name of said national order in any form, and from using any of the emblems of said national order, or any rituals of said order, or doing any of the work peculiar to the order; that like injunction issue against any interference by said corporation with the use on the part of the petitioners and its members of said name and said emblems and said rituals, and like injunction issue against said corporation restraining it from representing, by itself, its agents, officers, or employees, that it is the representative in Georgia authorized to use the name of said national order. Upon the interlocutory hearing on May 3, 1924, his honor Judge Bell passed the following order: "that the defendant be and it is hereby enjoined, either by itself, its agents, officers, or employees from representing that it is the representative of the national order or that it represents or is a part or subordinate branch of the national order, to wit, the Grand United Order of Odd Fellows in America. The defendant is further enjoined from interfering with the use on the part of the voluntary association and the petitioners and its members of the name, emblems, and ritual of the national order and its subordinate lodges. The defendant is further enjoined from so using its name, in connection with its business and operation, in such a manner as to deceive the public and pass itself off as the national organization or any branch thereof. Nothing in this order shall be construed as to enjoin the defendant from using its corporate name, provided in so using it it does not violate the terms of this order. The terms of this order as to the use of defendant's name may be complied with by adding as a suffix thereto the word 'Incorporated.'" The plaintiffs in error excepted to the grant of this order, upon two grounds: "1. The said interlocutory decree, in refusing and failing to grant the injunction prayed against the use of the name 'District Grand Lodge No. 18,

Grand United Order of Odd Fellows in America,' and against the emblems, insignia, and rituals, as prayed, is contrary to law under the evidence in this case. 2. The said interlocutory decree, in providing that the defendant might use said name with the suffix 'Incorporated' thereto is contrary to law under the evidence in the case. Plaintiffs, referring to this assignment of error, respectfully contend that the court, having adjudicated that the defendant was not the authorized branch of the national order and that its name carried with it the representation that it was the authorized branch of the national order, that the same was a fraudulent misrepresentation, should have enjoined the use of the name, and that the mere suffix 'Incorporated' does not in any way relieve the misrepresentation, but that the name with the suffix still carried the fraudulent representation that the said defendant is a branch of the national order, and the said suffix merely adds the statement, in effect, that it is an incorporated branch of the national order."

We are of the opinion that the exceptions are well taken. The questions raised by this bill of exceptions have heretofore been adjudicated by this court in *Graves* v. *District Grand Lodge No. 18, etc.,* 155 *Ga.* 147 (116 S. E. 613), in which we held that "As a general rule appertaining to fraternal, charitable, and beneficial associations, the right to use a particular name for the association is dependent upon the prior use of the name in question, or one so similar thereto as to lead to confusion, regardless of whether such association is incorporated or not. A fraternal order by adopting the same name which was previously used by a fraternal association acquires no additional right to the use of the name by incorporation." The holding quoted was an adjudication which made it the law of the case. As to the question of the right to use the name in the particular petition then pending before us, the writer of the opinion in the *Graves* case, said: "In the present case the plaintiff claims the exclusive right to the use of the name District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia. The defendants, plaintiffs in error here, only ask for a joint use of the name, stating that they have no objection to the plaintiff also using the name, provided they are not themselves deprived of a use which they enjoyed even before the organization of the plaintiff corporation; and it is not necessary to decide in the present case that these defendants

are entitled to more than they ask." Upon this statement the defendants in error in the present case attempt to base an argument that the plaintiffs in error are estopped to ask now that they be awarded the exclusive right to use the name District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia. There is no point in the argument. It must be remembered that in the prior appearance of these parties before this court, as reported in the *Graves* case, supra, the local organization incorporated within Georgia were the petitioners asking for the exclusive use of the designation which has been the subject of so much controversy, and that their contention was sustained by the lower court. The defendants and respondents in the petition appeared as plaintiffs in error before the court, complaining of a judgment which gave the petitioners in the lower court, their opponents, the exclusive use of the name or designatory title in controversy. The only real question, therefore, before the court at that time was whether the lower court was correct in holding that the Georgia corporation alone was entitled to use the name District Grand Lodge No. 18, Grand United Odd Fellows of America, Jurisdiction of Georgia, or whether his decision was incorrect. This court held that the District Grand Lodge No. 18, etc., as incorporated, was not entitled to the exclusive use, and, as stated in the opinion as already quoted, it was not necessary to decide at that time what might be the rights of the defendants as to the exclusive use of the title. The lower court had held that the Georgia corporation was entitled to the exclusive use of the name. This court, after a painstaking investigation, reached the conclusion that it was not entitled to what it claimed in its petition. At that time no question was dealt with except that of name. In the present case, which is brought by the opposite parties from those who brought the former petition, reported in 155 *Ga.*, supra, there is not only a prayer that the defendants be restrained from the use of the name District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, Jurisdiction of Georgia, but additional prayers to which we have called attention. The learned trial judge enjoined the defendant from representing that it was the representative of the national order, or that it represented or was a part of or subordinate branch of the national order of the Grand United Order of Odd Fellows in

8

America. The chancellor further enjoined the defendant from interfering with the use, on the part of the voluntary association and its members, of the name, emblems, and ritual of the national order and its subordinate lodges, but he did not pass upon the question of enjoining the Georgia corporation from using the emblems of the national order or its rituals or from doing any of the work peculiar to the National Order, and perhaps other matters embraced within the prayers of the petition. In accordance with the prior decision of this court the learned trial judge enjoined the defendant from interfering with the use, on the part of the petitioners, of the names, emblems, and rituals of the national order and its subordinate lodges, and from using its name in connection with its business and operation in such a manner as to deceive the public and pass itself off as the national organization or any branch thereof; but in framing his order he provided that nothing in it should be construed so as to enjoin the defendant from using its corporate name, and that the terms of the order as to the use of the defendant's name might be complied with by adding thereafter as a suffix the word "incorporated." In this we think the court erred.

Under the ruling when this question was here before, and as set forth in the extract we have quoted from the syllabus, which under our law is the opinion of the court, regardless of the personal expressions used by the particular Justice who may deliver the opinion, the name Grand United Order of Odd Fellows in America belongs, as appears from the evidence in the case now before us, to the national order of colored Odd Fellows, incorporated as the subcommittee of management of the Grand United Order of Odd Fellows in America in the year 1886. As the evidence in the present record shows, without question, that the petitioners, now plaintiffs in error in this case, are the duly authorized representatives in Georgia of the national body, they alone are entitled to the use of the designation Grand United Order of Odd Fellows, and the court should have enjoined the Georgia corporation from the use of that designation. It is useless to review the record or to refer to various phases of the long-continued litigation between the two factions of colored Odd Fellows which are still represented in the pending case, or to determine whether the District Grand Lodge No. 18, Grand United Order of Odd Fellows in America,

Jurisdiction of Georgia, had its charter properly and legally withdrawn by the subcommittee of management, or whether certain members and certain subordinate lodges were legally or illegally suspended, or whether the defendant in error in this case, as a constituent part of the national order, was entitled to a trial before its privileges of membership could be withdrawn. All of these inquiries are obviated by the action of the defendant itself in obtaining an amendment to its charter in 1917, in which, among other things, it struck out section 6· of the original charter in which its connection and subordination to the national order was accomplished, and by the adoption of a new section in lieu thereof which declared absolute independence of the parent order. However necessary it might have been, if this charter had not been granted, under the rulings and regulations of the national order, to proceed in the manner prescribed by its laws to notify its former District Grand Lodge No. 18 and give it an opportunity to be heard before it was suspended, the law never requires the doing of a vain thing, and the act of severance accomplished by means of the charter could well be treated by the national order, as this court regarded it when the case was here before, as a waiver on the part of the District Grand Lodge No. 18 of any right to the formality of a trial and an express disclaimer of any desire for an investigation into the merits of the antecedent controversies. The record before us shows that the Georgia corporation, if it indeed claimed, since the amendment to its charter, to be connected with the national order, has been subject for more than eight years to the payment of assessments upon its membership to the designated head of the order, the subcommittee of management, and has neither paid nor offered to pay a single one. It further appears that by virtue of decrees to which the national order as incorporated in 1886 was no party, the Georgia corporation of colored Odd Fellows was awarded and has received over $500,000 in money and other assets. In view of these facts it comes with poor grace from the mouth of the defendants in error at this late day to insist that they are still members of the national order because they have not been suspended or expelled according to the letter of the regulations. We think that the court erred in holding that by the mere addition of the word "Incorporated" to its corporate name by the Georgia corporation the rights of the petitioners would be pro-

tected so as to prevent any confusion, and so that there would be no likelihood that that portion of the public interested in joining the organization of colored Odd Fellows could not be led to believe that the Georgia corporation was a branch of the national order. To our minds, the addition of the word "Incorporated" would only convey the idea that the Georgia corporation was a regular district grand lodge, at least 18 in number, embracing the State of Georgia, and as such a constituent unit of the national order, and that it was also incorporated. For this reason the plaintiffs in error did not receive the relief to which they were entitled. Nothing would be more natural than that a connection between the local organization as the subordinate lodge No. 18 and the national order would be inferred, because from 1902, when the defendant as a branch of the national order obtained a charter from the superior court of Fulton County, until 1917, the defendant was an incorporated branch of the Grand United Order of Odd Fellows in America. Conceding the principles announced when this question was heretofore before this court, the defendant in error has introduced in this case the charter of the Grand Lodge of Independent Order of Odd Fellows, granted by the General Assembly of Georgia in 1843, and insists that under our prior ruling the defendant has shown that the Pennsylvania corporation chartered in 1886, 43 years subsequently to the Georgia corporation of 1843, was not entitled through its representatives to the exclusive use of the name Grand United Order of Odd Fellows in America, and that for that reason, so far as the plaintiffs in error are concerned, the corporation created in 1917 can still continue to use its former title. It appears in the evidence in the record that ever since the organization of Odd Fellow lodges in this country there has been an organization of Odd Fellow lodges composed exclusively of white members, and that no colored man has ever offered for membership in the lodges of Odd Fellows whose membership was composed of white men. There has also been, starting in New York in 1843, a body of Odd Fellows known as the Grand United Order of Odd Fellows in America, composed exclusively of negroes or colored men, for membership in which no white man has applied. There has never been any confusion by reason of which a white man might be led to believe that in joining the Grand United Order of Odd Fellows in America he was joining the Independent Order of Odd Fellows,

and vice versa. Furthermore, as to outstanding facts in history, which are well known and recognized, judicial cognizance is a sufficient substitute for evidence. It is in the record in this case, undisputed, that the Grand United Order of Odd Fellows, composed of colored men, is connected with the Leeds branch of Odd-fellowship in England. It is a generally known fact, the celebration of which is annually participated in by more than two and one half million American citizens, that the Independent Order of Odd Fellows is American in its origin, and, as the word "Independent" denotes, has no subordination, connection, or affiliation whatever with Oddfellowship in England. Furthermore, it is a matter of judicial knowledge that when the charter was granted to the Independent Order of Odd Fellows in Georgia in 1843 persons of color had no civil rights. They were not subject to be chartered, and could not have obtained a charter. Whether slaves, as most of them were, or free persons of color, who were extremely rare in Georgia in 1843, their organization into secret societies was contrary to law and the public policy of the State. For this reason, the fact that the General Assembly granted a charter to the organized lodges of white Odd Fellows into a grand lodge which still continues to operate, does not supply a basis upon which the defendant in error can predicate the existence of an order incorporated prior to 1886, similar in object or in name to the Grand United Order of Odd Fellows in America, but subordinate to a similar English organization. So far as the name is concerned, the term "Independent Order of Odd Fellows" differentiates the order of white men working under that name from any organization which confines itself to America. It may be that upon proof that the Grand United Order of Odd Fellows in America were extending their operation to members of the Caucasian race, or if it appeared that they were using any of the secret work, rituals, passwords, signs, tokens, or grips of the order chartered in 1843, the principle upon which the defendant in error relies would become applicable; but there is no evidence of any of these circumstances in this record.

*Judgment reversed. All the Justices concur, except* ATKINSON and GILBERT, JJ., dissenting. This case is not a continuation of the case decided by this court and reported in *Graves* v. *District Grand Lodge,* 155 *Ga.* 147 (supra). Since we

are not dealing with the same case, the decision in the last-named case does not fix the law of this case. We dissent from the judgment of reversal in this case, as we did in *Graves* v. *District Grand Lodge,* 155 *Ga.* 147. The ground of our dissent in that case was not stated, but it was that the plaintiffs, A. Graves et al., were not incorporated, and consequently that the act of 1909 (Civil Code (1910), §§ 1993, 1994) did not protect them in the use of the name, as contended by them. It was our opinion that the ruling in the case of *Faisan* v. *Adair,* 144 *Ga.* 797 (87 S. E. 1080, Ann. Cas. 1918A, 243), was controlling, where it was held: "The act of 1909 (Civil Code of 1910, §§ 1993, 1994), for the protection of any benevolent and other organization which is *incorporated* [emphasis ours], against others using or adopting its name, style, or emblems, can not be invoked by voluntary associations." The petition in the present case of A. Graves et al. *v.* District Grand Lodge No. 18, etc., in the first paragraph alleged: "The defendant is a corporation chartered under the laws of said State, with its principal office and place of business in Fulton County, Georgia." In the third paragraph of the petition it is alleged: "Plaintiffs are the executive officers of a voluntary association," etc. In these circumstances, the defendants being incorporated and the plaintiffs not incorporated, the statute, while protecting the defendants, did not protect the plaintiffs.