DECISION
Before this Court is National Lumber Building Materials, Co., Inc.'s (plaintiff) application to permanently enjoin and restrain National Lumber Company, d/b/a National Lumber Company of Massachusetts (defendant), from conducting business in Rhode Island under the name of either "National Lumber Company" or "National Lumber Company of Massachusetts." Jurisdiction is pursuant to G.L. 1956 § 8-2-13.
 Facts and Travel
The plaintiff is a Rhode Island corporation, having been incorporated in Rhode Island in 1965, and having conducted business in Rhode Island for a number of years before that date. The defendant is a Massachusetts corporation formed in that state in 1934.
On March 6, 1997, the defendant filed an Application for Certificate Authority with the office of the Secretary of State to conduct business in Rhode Island under the name "National Lumber Company." The Secretary of State's Corporations Division informed the defendant that the name "National Lumber Company" was too similar to the plaintiffs corporate name, and as such the defendant must either obtain the consent of the plaintiff to use the requested name or seek a fictitious business name to use in Rhode Island. The defendant subsequently applied for the use of the fictitious name, "National Lumber Company of Massachusetts." The Corporations Division granted the defendant use of the name.
Thereafter, the plaintiff sought, and was granted, an order temporarily restraining the defendant from using either "National Lumber Company" or "National Lumber Company of Massachusetts" in Rhode Island. On April 30, 1997, a justice of the Superior Court ordered a preliminary injunction preventing the defendant from using "any name or business designation wherein the words "national' and "lumber' are used." Subsequently, the defendant applied for the fictitious name of "National Contractor's Supply Company," which was granted by the Secretary of State.
The plaintiff now seeks to have the defendant permanently enjoined from conducting business in Rhode Island under either the name "National Lumber Company" or "National Lumber Company of Massachusetts." A non-jury trial on the matter was held before this Court on July 12 and 13, 2000.
At trial, the Court heard the testimony of Domenic Gautieri, president of the plaintiff corporation. The Court also heard the testimony of Steven Kaitz, president of the defendant corporation, and the testimony of Jeffrey Fontaine and Joseph Cesario, employees of the defendant. Mr. Gautieri testified that the plaintiff has used the name "National Lumber" or "National Lumber Company" for many years and its customers know it by those names. Furthermore, according to Mr. Gautieri, the name "National Lumber Company" was filed with the Secretary of State as a fictitious business name and the plaintiff never filed a statement asserting abandonment of that fictitious name. Mr. Gautieri also testified that the plaintiffs business is limited to Rhode Island. Mr. Gautieri further testified that certain customers had on occasion confused the plaintiff and defendant, after the defendant began doing business in Rhode Island. On cross examination, Mr. Gautieri admitted that the plaintiffs filing of the fictitious business name "National Lumber Company" lapsed after the plaintiff did not renew the filing as required at the time.
The defendant's witnesses testified that the defendant is a much larger company than the plaintiff corporation. The defendant's two employees who testified — both were salesmen — stated that they had not dealt with customers who confused the defendant with the plaintiff in any way. The president, Mr. Kaitz, testified that the business the defendant does in Rhode Island constitutes merely five percent of its overall business, and most of that Rhode Island business is conducted with long term customers of the defendant. Furthermore, Mr. Kaitz testified that, due to the difference in size of the two companies, he did not consider the plaintiff a competitor of his company.
 Use of the Fictitious Business Name
Rhode Island General Laws § 7-1.1-71(f) states in pertinent part:
 "No corporation may be permitted to transact business under a fictitious business name pursuant to this section which is the same as or deceptively similar to the name of any domestic corporation . . . existing under the laws of this state[.]"
The issue before this Court is whether the names "National Lumber Company" or "National Lumber Company of Massachusetts" are deceptively similar to the plaintiffs name. This Court At the time that the plaintiff registered the fictitious name, state law required that it be refiled every 5 years. will look to the common law for guidance, as statutory provisions do not fully address this situation.
The plaintiff, in seeking a permanent injunction, argues that the defendant's use of the above-listed names violates § 7-1.1-71(f) because they are deceptively similar to the name it claims the general public has known it as for many years — "National Lumber Company." Conversely, the defendant argues that the plaintiff has no right to the fictitious name of "National Lumber Company" because it allowed the registration of that fictitious name with the Secretary of State to lapse in 1984. The defendant also argues that even if this Court does find that the plaintiff has a protected right to the use of "National Lumber Company," the name "National Lumber Company of Massachusetts" is not deceptively similar to the name "National Lumber Company" because the customers (mainly contractors) that the two companies cater to are too sophisticated to be confused by the similarity in names.
Before deciding the merits of the plaintiffs application, the Court must address the defendant's statutory argument. The defendant's argument is that the plaintiff has no right to the name "National Lumber Company" because of its failure to renew a fictitious name certificate with the Secretary of State, as was required at that time. This argument is misplaced. While the language of the statute at the time did require refiling every five years, a lack of refiling does not eliminate all rights a company may have had to a certain trade name.
A company's right to a trade name is grounded in the common law. SeeNational Shoe Stores Co. v. National Shoes of N.Y., Inc., 131 A.2d 909, 912 (Md. 1957). The old statute's language concerning refiling for a fictitious name did not purport to eliminate the common law right to protection of a corporation's trade name, even if the corporation neglected to refile that name with the Secretary of State. Therefore, the statutory provision that required refiling of a fictitious name every five years is not controlling.
Instead, this Court must look to the common law with respect to whether the plaintiff has established that it has the exclusive right to the name "National Lumber Company" in Rhode Island. If it has, the Court must then determine whether the name, "National Lumber Company of Massachusetts," is deceptively similar to "National Lumber Company." Only if both of those questions are answered with a "yes" will a permanent injunction be granted. (It should be noted, however, that the plaintiff does not have to prove that it was actually damaged by the defendant's use of the names in order for the injunction to be granted. See Armington v. Palmer,21 R.I. 109, 42 A. 308 (1898); see also National Circle, Daughters ofIsabella v. National Order of Daughters of Isabella, 270 F. 723 (1920),cert. denied 255 U.S. 571 (1921) (amount of injury that plaintiff incurs is not of controlling importance)).
The plaintiff has demonstrated to this Court that it has been conducting business in Rhode Island for roughly 50 years. It has been known by the name "National Lumber Company" for at least 35 years. That name had been filed as a fictitious name with the Secretary of State, and had been refiled in compliance with statutory provisions. As noted above, the plaintiff did neglect to refile the fictitious name for a second time in 1984. However, the plaintiff has presented uncontradicted evidence, through exhibits and testimony, that it has conducted business as "National Lumber" continuously during the years that its fictitious name filing had lapsed. Its checks and correspondence contained the name "National Lumber Company"; its employees answered the corporation's phones by announcing the name "National Lumber" or "National Lumber Company"; its trucks carried the name "National Lumber." And most importantly, it was known to the public as "National Lumber," just as it has been since at least 1965.
The defendant alleges that it too has conducted business in Rhode Island under the name "National Lumber" for many years, beginning in 1970. However, the defendant did not choose to register that fictitious name with the Secretary of State until 1997. And when it did, the Secretary of State determined that such a fictitious name was already taken by the plaintiff. As such, the "first in time, first in right" doctrine favors the plaintiff. According to that doctrine, the corporation that first becomes entitled to use a particular name will be protected against a corporation who seeks the right to use that name or a similar name at a later period of time. See Graves v. District GrandLodge No. 18, 129 S.E. 783 (Ga. 1925). The plaintiff was not only first in time to use the name in question, but was also first in time to register the name. According to the doctrine, the plaintiff is protected against a later in time registration of a deceptively similar trade name by a different corporation. Therefore, based on the uncontroverted evidence presented, this Court finds that the plaintiff has met its burden in demonstrating an exclusive right to the use of the fictitious name "National Lumber Company" in this state.
The Court now addresses whether the name "National Lumber Company of Massachusetts" is deceptively similar to "National Lumber Company." The key questions to ask when making this determination are whether the two names are so similar that probability of confusion exists and whether the public will likely be misled by the similarities. See American Airlinesv. North American Airlines, 351 U.S. 79, 100 L.Ed. 953, 76 sect. 600 (1956); General Adjustment Bureau, Inc. v. General Ins. Adjustment Co.,381 F.2d 991 (10th. Cir. 1967).
As noted previously, the defendant argues that even if the plaintiff has the exclusive right to the name in question, because of the sophisticated clientele of the two corporations, no confusion would be created by the defendant using the name "National Lumber Company of Massachusetts." And if there is no confusion, the name cannot be considered deceptively similar, thus precluding injunctive relief.
In determining whether the name "National Lumber Company of Massachusetts" is similar enough to the plaintiffs name to cause confusion, this Court must act as a finder of fact. As a finder of fact, the Court will consider the level of sophistication that many of the clients of both companies possess. And the record does reflect that many of both parties' customers are contractors.
However, even taking the consumers' sophistication into consideration, it is clear to this Court that the name "National Lumber Company of Massachusetts" is similar enough to the name "National Lumber Company" to cause confusion among the plaintiffs patrons. Although many of the plaintiffs clients are commercial, the great likelihood of confusion between the two companies still exists. The two fictitious names in question are almost completely identical, and the two parties are likely to be catering to the same customers. The uncontroverted testimony of Mr. Gautieri reflected that so-called commercial consumers have from time to time confused the two companies.
In certain cases a defendant has been allowed to modify its name by a qualifying word in order to distinguish it from the name of the plaintiff corporation. See e.g. Vantage Careers, Inc. v. Vantage Agency, Inc.,
434 N.Y.S.2d 428 (N.Y. App. Div. 1981). However, that qualifying word must truly distinguish the defendant's name from that of the plaintiff. Otherwise, the probability of confusion still exists. The qualifying word "Massachusetts" in this case does not go far enough in distinguishing the defendant from the plaintiff to be meaningful, as has been reflected in the testimony of Mr. Gautieri. As such, this Court finds that the name "National Lumber Company of Massachusetts" is deceptively similar to the name "National Lumber Company," which is the exclusive property of the plaintiff in Rhode Island.
As noted previously, the plaintiff does not bear the burden of showing actual damages. Therefore, as the plaintiff has proven that it has the exclusive right to the name "National Lumber Company" in Rhode Island, and that the use of that name by the defendant is likely to cause confusion amongst the consumer public, this Court hereby permanently enjoins and restrains the defendant from using either the name "National Lumber Company" or "National Lumber Company of Massachusetts" while it is doing business in Rhode Island.
Counsel shall prepare and submit the proper injunctive order.