## THE ELTON.

(District Court, E. D. Pennsylvania.   March 9, 1905.)

### No. 7.

ADMIRALTY—REFERENCE—COSTS—MISSTATEMENT OF FACTS.

In a suit in admiralty for personal injuries the court found in favor of libelant, and referred the matter to a commissioner to take testimony and assess damages. The testimony taken before the commissioner showed plainly that libelant and one of his witnesses made untrue state- ments as to his ability to work and the work he had performed since the injury, thereby necessitating meetings additional to those which would otherwise have been required, and the taking of testimony and the incurrence of stenographer's costs which would have been unnecessary had he told the truth. *Held*, that the libelant would be required to pay the portion of the commissioner's and stenographer's costs for which his misstatements were responsible.

In Admiralty.   Sustaining exceptions to costs of commissioner. See 131 Fed. 562.

Samuel M. Clement, Jr., and Allen C. Thomas, for libelant. Convers & Kirlin and Henry R. Edmunds, for respondent.

HOLLAND, District Judge.   In a suit for personal injuries by the libelant this court found in his favor, and referred the matter to a com- missioner for the purpose of taking testimony and assessing damages to him for the injury.   The commissioner had a number of meetings, took considerable testimony, and made a report awarding damages to the libelant in the sum of $1,800, and directed the respondent to pay all costs.   Exceptions were filed by both parties.   It is unnecessary to consider them in detail.   All of those filed by the libelant are overruled. There are five exceptions filed by the respondent, all of which are over- ruled, with the exception of the third, which is as follows:   "The com- missioner has awarded the libelant his costs, and refused to deny costs to the libelant because of his fraud and perjury on the reference."   An examination of the evidence shows plainly that the libelant and one of his witnesses, in testifying as to the extent of his injury, stated facts as to his ability to work and the work he had performed since the injury

which were untrue, thereby making it necessary to have a number of meetings in addition to what otherwise would have been required, and to take testimony and incur costs for stenographer which would have been unnecessary had he told the truth about this matter. We think, therefore, that he should be required to pay all the costs that his misstatements and misrepresentations caused in this reference. It was necessary to refer this case to a commissioner for the purpose of ascertaining the extent of the personal injury, and we have no doubt the commissioner, in his report assessing damages, took into consideration his exact state of health and his ability to do work, and his misstatements as to that only resulted in the incurring of additional costs, which would be, in the judgment of the court, one-half of the costs of the reference. The labors of the commissioner would not have been so great, nor would the cost of the stenographer have amounted to the sum paid by the commissioner, had it not been for the libelant's misrepresentation; and an examination of the evidence would indicate that this caused about twice as much labor on the part of the stenographer and commissioner as otherwise would have occurred. He is therefore required to pay the same.

The order of the court is that the libelant in this case pay one-half of $306.25 costs incurred in this reference, to wit, $153.12$^{1}/_{2}$; the clerk's costs to be paid by the respondent.