SMITH *v.* COOLIDGE BANKING COMPANY.

FISH, C. J. A minority stockholder in a private corporation may proceed in equity in behalf of himself and other stockholders against the corporation, its officers, and third persons in collusion with its officers, for fraud or acts ultra vires which operate to injure or damage the property of the corporation; but in order to do so, it must be shown that the stockholder has acted promptly, and that he has made earnest

effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or that it was not reasonable to require it. He must also show that he was a shareholder at the time of the transaction of which he complains, or that the share has devolved on him since by operation of law. Civil Code, § 2224; *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (24 S. E. 755); *Bartow Lumber Co.* v. *Enwright*, 131 *Ga.* 329 (62 S. E. 233); 3 Cook on Corporations, §§ 644-647.

(*a*) In such a case, the corporation is a necessary party defendant to the action, but in some cases the stockholder may sue in the name of the corporation. *Steele Lumber Co.* v. *Laurens Lumber Co.*, supra; 3 Cook on Corporations, §§ 644-647; *Alexander* v. *Searcy*, 81 *Ga.* 536 (8 S. E. 630, 12 Am. St. R. 337); *Colquitt* v. *Howard*, 11 *Ga.* 556.

(*b*) Applying the principles above stated, there was no error in dismissing the petition on demurrer.

*Judgment affirmed.   All the Justices concur.*

MAY 15, 1917.

Equitable petition.   Before Judge Cox.   Thomas superior court. April 21, 1916.

*W. I. MacIntyre* and *Roscoe Luke,* for plaintiff.

*Smith, Hammond & Smith* and *Titus, Dekle & Hopkins,* for defendant.