KING *et al. v.* CITIZENS & SOUTHERN NATIONAL BANK; *et al.; et vice versa.*

Nos. 12204, 12218.   June 22, 1938.

Atkinson, P. J., and Bell and Grice, JJ., being disqualified, Judges C. F. McLaughlin, Paul S. Etheridge, and J. T. Grice were designated for this case.

*Smith, Smith & Bloodworth, Douglas, Andrews & Cole, Craighead & Dwyer, Neely, Marshall & Greene,* and *Ezra E. Phillips,* for plaintiffs.

*Alston, Alston, Foster & Moise, Brandon, Hynds & Tindall, Harold Hirsch, Marion Smith, A. S. Clay, E. D. Smith, Robert S. Parker,* and *Evins, Quillian & Evins,* for defendants.

McLaughlin, Judge. This case was previously before this court, and the allegations contained in the pleadings were fully discussed. *Citizens & Southern National Bank* v. *King,* 184 *Ga.* 238 (190 S. E. 857). Therefore we shall not incorporate in this opinion the allegations of the original pleadings referred to, and shall only discuss the effect of the amendment filed by King et al. on April 7, 1937. A demurrer was filed by Citizens & Southern National Bank. The court sustained the demurrer, and the petition, with the amendment above referred to, was dismissed. The case before the court at this time is on a writ of error to the ruling last referred to. The question for consideration and determination is as to whether or not the trial court erred in its judgment. We quote from the previous decision: "The plaintiffs contend that this contract, together with the acts of the Citizens & Southern Bank in taking over and administering the property, assets, and affairs of the Atlanta Trust Company under the powers and authority conferred therein, constituted a voluntary liquidation of a banking institution within the purview of the banking laws of this State; and that, inasmuch as such liquidation was entered into without first obtaining the consent and approval of the stockholders owning two thirds of the stock of the Atlanta Trust Company, all action taken with reference to the matter was illegal and un-

authorized; that said property and assets were wrongfully taken over by the Citizens & Southern Bank under the terms of a void contract; and that its retention and liquidation of the same is repugnant to and violative of the provisions of the banking act of Georgia [Code, §§ 13-1501 et seq.]. They likewise assert that the status of the Citizens & Southern Bank with reference to the taking over, retention, and liquidation of such property and assets was that of a trustee ex maleficio, and that as such trustee the Citizens & Southern Bank is liable in damages to the Atlanta Trust Company for any and all losses said institution may have sustained in the premises." In answer to that question the court said: "We are unable to concur in this view of the case; for we can not agree that the execution of this contract and the exercise of the rights and powers granted by the terms thereof constitutes a voluntary liquidation of the Atlanta Trust Company within the intendment of the banking laws of this State." Thus it will be observed that the court, when this case previously was on hearing, held that the contract was legal and valid; and that it was not a voluntary liquidation of the Atlanta Trust Company.

After the remittitur in that case arrived in Fulton superior court, but before it was made the judgment of that court, the plaintiffs filed their amendment; and therefore, in order to thoroughly understand the petition as amended on April 7, 1937, it is necessary to copy herein the amendment. (1) "He alleges on information and belief that between December 3, 1929, and December 11, 1929, A. J. Orme, who was then the President of the Atlanta Trust Company, and H. Lane Young, who was then the Executive Vice-President of the Citizens & Southern National Bank, held conferences with Mr. A. B. Mobley, as the then Superintendent of Banks of the State of Georgia, and submitted to him copies of the writings set out as Exhibits A and B of the original petition; and thereupon the said Mobley, as Superintendent of Banks, issued the permit dated December 11, 1929, addressed to the Atlanta Trust Company, permitting it to enter voluntary liquidation and to discontinue active operation under the banking laws of Georgia, copy of which is hereto attached and made part hereof, marked Exhibit Number Two (2); copy of the letter of the Superintendent sent to the Atlanta Trust Company, dated December 11, 1929, accompanying said permit is hereto attached,

and made a part hereof, marked Exhibit Number One (1); copy of the letter of the Superintendent sent to H. Lane Young, Vice-President of the Citizens & Southern National Bank, dated December 11, 1929, is attached hereto and made part hereof, marked Exhibit Number Three (3); and copy of the letter of said Young addressed to and sent to said Superintendent, dated December 24, 1929, attached and made a part hereof, marked Exhibit Number Four (4)." (2) "That such action of the officer or officers of the Citizens & Southern National Bank in obtaining and receiving such permit, and of the Superintendent of Banks in issuing the same, was without a two-thirds vote of the stockholders of the Atlanta Trust Company authorizing same, and without any meeting of the stockholders of said Atlanta Trust Company being called or held at any time to vote on the question of whether or not said Atlanta Trust Company should go into voluntary liquidation under the banking laws of Georgia, or at all; and without the consent and knowledge of petitioners in this suit." (3) "That the liquidation of all the assets of the Atlanta Trust Company by said Citizens & Southern National Bank was conducted thereafter under the supervision of the Department of Banking of the State of Georgia, and inspections were made by the Department, and reports demanded by it and received by it from time to time from the Citizens & Southern National Bank during the course of the liquidation." (4) "That the defendant Citizens & Southern National Bank contends in this case that the trust business of the Atlanta Trust Company was acquired by it under the writing of December 3, 1929; yet it insists that the Atlanta Trust Company's corporate liability under its trust agreements is not discharged. In suits against the Atlanta Trust Company in Fulton Superior Court filed against the Atlanta Trust Company after December 3, 1929, and based upon and growing out of trust business and trust obligations of Atlanta Trust Company dated prior to December 3, 1929, the Citizens & Southern National Bank has come into court and filed sworn answers disclaiming all interest in each trust, respectively, and all liability against it, the said Citizens & Southern National Bank, under each of the trust agreements involved in said suits."

Attached and made a part of said amendment, the correspondence and action of the State Banking Department, as follows:

"Department of Banking. State of Georgia, Atlanta, December 11th, 1929.

"Atlanta Trust Company, Atlanta, Georgia.

"Gentlemen: We are enclosing a formal permit for your institution to enter voluntary liquidation and discontinue active operation under the banking laws of Georgia. You will understand that during the course of liquidation you will remain under the supervision of this Department and subject to file with us such reports as may be required from time to time. However, it is our purpose to be as lenient as possible in this connection, and we assure you that you will have the full co-operation of the Department in completing your liquidation. It is suggested that you conclude the liquidation of your affairs as expeditiously as possible, after which it will be in order for you to take the necessary steps to surrender your charter and franchise to the State as provided in Article 14 of the banking laws of Georgia.

"Wishing for you a successful liquidation, I am

"Yours very truly, A. B. Mobley, Superintendent of Banks."

"Department of Banking, State of Georgia, Atlanta.

"Approval of Voluntary Liquidation.

"Whereas, it appearing that the Atlanta Trust Company, Atlanta, Georgia, did on the 3rd day of December, 1929, enter into an agreement with the Citizens and Southern National Bank, Savannah, Georgia, and its offices in Atlanta, whereby certain and sundry assets of the said Atlanta Trust Company would be transferred to the said Citizens and Southern National Bank; and

"Whereas, it further appearing that the Citizens and Southern National Bank, for and in consideration of the assets so transferred, did agree to assume the liabilities of the said Atlanta Trust Company, as shown by its statement at the close of business on November 30, 1929, as they may have been changed in the ordinary course of business on or before the 3rd day of December, 1929; and

"Whereas, there is on file in the Department of Banking a copy of the agreement entered into between the said Atlanta Trust Company and the Citizens and Southern National Bank as well as a copy of collateral agreement entered into between the Atlanta Trust Company, First National Bank of Atlanta, Fulton National Bank of Atlanta, Federal Reserve Bank of Atlanta, and the Citi-

zens and Southern National Bank, from which it appears that all proceedings in the premises are regular and that the rights and interests of all creditors of the said Atlanta Trust Company will be fully protected: Now therefore, in accordance with the provisions of article 14 of the banking law of 1919, and amendments thereto, authority is hereby granted for the said the Atlanta Trust Company, Atlanta, Georgia, to enter voluntary liquidation and to discontinue active operation under the banking laws of Georgia. This the 11th day of December, 1929.

A. B. Mobley, Superintendent of Banks."

"Department of Banking, State of Georgia, Atlanta, December 11, 1929.

"Mr. H. Lane Young, Vice-President,

"Citizens & Southern National Bank, Atlanta, Georgia.

"Dear Mr. Young: We are forwarding to the Atlanta Trust Company to-day our formal permit to enter voluntary liquidation and discontinue active operation under the banking laws of Georgia. A copy of our letter of transmittal to them is enclosed for your information. Under the law the Atlanta Trust Company will remain technically under our supervision until liquidation has been consummated and its charter surrendered to the State. In this connection we want to assure you that the Department will be glad to co-operate with you in every way possible in effecting a successful liquidation. With kind regards and best wishes, I am,

"Yours very truly, A. B. Mobley, Superintendent of Banks."

"The Citizens & Southern National Bank, Atlanta, Ga., December 24, 1929.

"Mr. A. B. Mobley, Superintendent of Banks, State Capitol, Atlanta, Georgia.

"Dear Mr. Mobley: I beg to acknowledge your letter of the 11th instant, enclosing copy of your letter of the same date, addressed to Atlanta Trust Company. I have had this matter up with Mr. A. J. Orme, President, Atlanta Trust Company, who advises that he has seen you in person and explained just what the directors and stockholders of the Atlanta Trust Company have in mind for that company, which he advises me met with your approval. I would like to say in this letter, as I said to you in person, that the officers of the Citizens. & Southern National Bank, as well as the officers of the Atlanta Trust Company, deeply appre-

ciate the full co-operation of the Banking Department as offered by you in handling the affairs of the Atlanta Trust Company. . .

"Sincerely yours, H. Lane Young, Vice-President and Executive Manager."

We are constrained to hold that the amendment of April 7, 1937, which is under review, does not set forth such facts as would raise an issue not passed on in the judgment rendered by this court in 184 *Ga.* We are bound by that opinion, and must conclude that it becomes the law of the case, even though it is a four-to-two decision, and it can not be overruled in this particular case. In support of this view we cite *Brooks* v. *Miller,* 118 *Ga.* 676 (45 S. E. 485); *Georgia Railway & Power Co.* v. *Decatur,* 153 *Ga.* 330 (111 S. E. 911); *Elliston* v. *Atlantic States Warehouse Co.,* 163 *Ga.* 440 (136 S. E. 436); *Harrison* v. *Bond,* 182 *Ga.* 247, 250 (85 S. E. 346), and special attention is called to the dissenting opinion of Chief Justice Russell and Justice Bell; *Georgia-Alabama Power Co.* v. *Fields,* 42 *Ga. App.* 141 (155 S. E. 342). We quote from the last decision as follows: "That decision of this court, whether right or wrong, became the law of the case, and was controlling upon the trial court and this court in all subsequent proceedings, unless some pertinent and material change should be made in the pleadings." Also *Graves* v. *District Grand Lodge,* 161 *Ga.* 110 (129 S. E. 783). The court, in the decision in the 184 *Ga.,* had before it all questions relating to this case and raised by the amendment of April 7, 1937, and there was an adjudication. In that decision it was held that the contract, the basis of the litigation, was valid. It was also adjudicated that it was not a voluntary liquidation of the Atlanta Trust Company.

In the amendment no material additional allegation is set forth. The issues are the same; the parties are the same; and we hold that the matter is res judicata.

Also we are of the opinion that the petitioners were guilty of laches, as ruled in headnote 3. It is concluded that from their laches they are precluded from the relief asked for. Under this view of the case it necessarily follows that the judgment sustaining the demurrer to the petition as amended, and dismissing the same, must be affirmed.

In the light of what we have said and the conclusions reached, it will be unnecessary for us to pass on the cross-bill of exceptions

filed by the Citizens & Southern National Bank, the case being controlled by our opinion on the main bill of exceptions.

*Judgment affirmed. All the Justices concur.*