WAGNER *et al. v.* BISCOE.

No. 13317. June 12, 1940.

476

G. S. Peck, for plaintiffs in error.

Edgar Watkins and Allan Watkins, contra.

DUCKWORTH, Justice. The first question which we must determine is whether or not the non-resident corporation is an indispensable party to this action brought by a minority stockholder. In *Colquitt* v. *Howard*, 11 *Ga.* 556 (3), this question was decided on a very similar state of facts. In holding that the corporation was an essential party, this court said: "Persons exercising the corporate powers of a corporation may, in their character as trustees, be held liable in a court of chancery, for a fraudulent breach of trust; and a stockholder, in a case where the directors collude with others who have made themselves liable by negligence or fraud, and refuse to prosecute; or when they are necessarily parties defendants, may file a bill on his account and in behalf of the other stockholders; in such a case the corporation must be made a party defendant." In *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329, 345 (24 S. E. 755), discussing the right of a stockholder to maintain such a suit, it was said: "He prays for no relief against that company; and the general rule of law is, that for wrongs suffered by the corporate interests, the right of action is in the corporation, and an action for such wrongs can not be maintained by the stockholder, however injuriously it may affect him, unless he alleges such fraud upon the part of the corporation and complicity

in the alleged wrongs as would seriously affect his interest, and in such a case it is indispensable that he make both the alleged wrong-doer and the corporation, through its board of directors, parties defendant to such a proceeding." The case of *Smith* v. *Coolidge Banking Co.*, 147 *Ga.* 7 (92 S. E. 519), was a minority stock-holder's suit in equity; and this court said: "In such a case the corporation is a necessary party defendant to the action." In *Greenwood* v. *Greenblatt*, 173 *Ga.* 551 (3 d) (161 S. E. 135), it was said: "The conditions precedent with which a minority stock-holder must comply before he may proceed in equity in behalf of himself and other stockholders against the corporation, its officers, and those participating in the wrong, when he or they are injured thereby, are set out in the Civil Code (1910), § 2224 [1933, § 22-711]; and the action, if the corporation refuses to bring the suit, must be against the corporation and such unfaithful officers, directors, or others participating in the wrong." The general rule applicable is stated in 14 C. J. 941, § 1461, as follows: "The corporation is a proper and indispensable party to a suit brought by one or more stockholders for its benefit. A failure to make it a party is not a mere defect of parties; it leaves the stockholder without a cause of action and the court without jurisdiction." From these authorities it appears that in the present case the plaintiff's petition, failing to make the corporation a party, should have been dismissed on demurrer raising that question.

Counsel for the defendant in error concede this to be the general rule, but advance the argument that the peculiar facts of the present case take it out of that rule. It is urged that the non-resident corporation, having no agency or place of business in this State, is not subject to the jurisdiction of the courts of this State, and thus can not be made a party. They contend that the provision of the Code, § 3-105, that "for every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other," authorizes the maintenance of this action under these circumstances, without making the corporation a party. A vital reason why the provisions of this section afford no support to the position of the defendant in error is that it expressly requires that the court have jurisdiction. As noted above, the trial court was without jurisdiction of an interested and essential party. Further-more, the laws of this State confer no right upon a minority stock-

holder to maintain an action without making the corporation a party. Hence the plaintiff can claim no right under the law without at the same time meeting the conditions set by the law as a prerequisite to that right. McClean v. Bradley, 282 Fed. 1011, and Crumlish v. Shenandoah Valley Railroad Co., 28 W. Va. 623, cited and relied upon by the defendant in error, do not support his contention. In the McClean case, the State of New Jersey had revoked the franchise of the corporation, and the law of that State provided that the members of the last board of directors in such a case became trustees for the settlement of the affairs of the corporation; and it was held that the stockholders could sue in their own right, and that it was not necessary to make the defunct corporation a party. The court recognized the "well-settled principle that, when stockholders sue in the right of the corporation, it must be made a party," and held that this rule did not apply in that particular case. In the present case there is no allegation of a revocation or forfeiture of charter; and the mere allegation that it has ceased to do business, coupled with the further allegation that on November 2, 1939, directors for the corporation were elected, is equivalent to an allegation that the corporation is alive and able to function. In the Crumlish case it was stated that "the bill shows that the foreign corporation has ceased to use its franchises, and been dissolved by virtue of the laws of the State of its creation," thus showing the non-existence of a corporation and thereby showing the absence of any right or claim of a corporation that might be then or thereafter asserted against the defendants. A substantial reason for the rule requiring that the corporation be made a party is that a court can not do justice without having all interested parties before it and fixing their respective rights in such judgment as it may render. In the present case it is sought to recover large damages against these defendants. The Florida corporation not being a party to the action, it can not possibly be bound by any judgment on that issue. A judgment denying damages would not be res judicata as to the corporation, and a judgment allowing damages to this plaintiff would in no wise prevent the corporation from subsequently suing for and recovering damages against these same defendants for the same injury. Thus it is apparent that the interests of the defendants would be jeopardized by allowing the present suit to proceed without making the corporation a party.

While the court should be interested in protecting the interest of a plaintiff, it should be equally interested in protecting the rights of the defendants. The plaintiff in this suit should not be permitted to prosecute the action for the preservation of his alleged rights when by so doing he destroys the rights of the defendants by his failure to bring before the court all interested parties, which is the only way by which the rights of the defendants can be properly protected. Hyams v. Old Dominion Co., 204 Fed. 681; Philipbar v. Derby 85 Fed. 2d, 27; Kelly v. Thomas, 234 Pa. 419 (83 Atl. 307, 51 L. R. A. (N. S.) 122).

But the defendant in error further insists that all of the reasons for the rule requiring the corporation to be made a party are satisfied in the present case, in that all of the stockholders are either in court or their interests are represented. This argument misses the reason why the corporation must be made a party at all. The corporation is a legal entity and is controlled only by its officers and agents; and no stockholder, in the absence of authority from the corporation, has the right or power to bind the corporation. A further answer to this argument is that Searing, according to the specific averments of the petition, owns half of the stock of the corporation, is a recently elected director, is a resident of the State of Florida, and is not a party to this suit. If this suit broke down, the defendants would be subject to another suit. If it succeeded, they would be subject to another recovery in an action by the corporation, founded upon the identical grounds upon which the present suit is based. The averments of the petition neither show that every right of the petitioner could not be amply protected within the corporation nor show that he could not prosecute his suit in the courts of the State of Florida where the corporation is domiciled and where half of the directors and the owner of half of the stock reside. The demurrer raising the point that the corporation was not a party should have been sustained.

*Judgment reversed. All the Justices concur.*