COMOLLI *v.* COGGINS *et al.*

No. 15414.   APRIL 4, 1946.

*J. T. Sisk,* for plaintiff.

*Raymonde Stapleton,* and *Smith, Kilpatrick, Cody, Rogers & McClatchey,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) In the view we take of this case it is unnecessary to enter upon a consideration of what might have been the rights of this petitioner if properly asserted in time. The delay in bringing this action is decisive on all questions presented and constitutes an insurmountable obstacle to the grant of any of the relief sought. The two items complained about and constituting the basis upon which recovery is sought are: (1) the alleged failure in 1919 of the partner Green to pay the sum of $6000 into the partnership business as agreed upon and required by the written partnership agreement; and (2) the failure of the defendant Coggins in March, 1920, to pay into the treasury of Georgia Granite Corporation $5000 derived from insurance on the life of the partner Green. As to the first item, it is sufficient to state that by the terms of the partnership agreement an obligation to pay $6000 was imposed upon the partner Green. This constituted a claim of the partnership, and, hence, was an asset transferred to the corporation, according to the averments of the petition to the effect that all the assets of the partnership were transferred to the corporation. Thus it is obvious that Green was a partner, and upon the formation of the corporation was entitled to receive his one-third share of stock of that corporation, and his liability for the $6000 was a claim held by the corporation against him, upon which it was entitled to maintain a suit and to recover. It follows necessarily that, as to that item, this petitioner has no claim whatever, and that part of his petition based thereon was subject to the demurrer.

The other item of $5000 was likewise, under the allegations of the petition, an asset of the corporation, for it was alleged that the insurance was partnership insurance procured during the existence of the partnership, and, hence, it became the property of the corporation upon the transfer to that corporation of all the

assets of the partnership. It follows, therefore, that if the defendant Coggins was guilty of conversion of this asset of the corporation, the corporation in the first instance would be the proper party to maintain the suit for this recovery. But the petitioner in a.proper case as a minority stockholder might be entitled to prosecute a claim on behalf of the corporation to recover this money. In such an action, however, the corporation would be an indispensable party. *Smith* v. *Coolidge Banking Co.*, 147 *Ga.* 7 (*a*) (92 S. E. 519) ; *Wagner* v. *Biscoe*, 190 *Ga.* 474 (9 S. E. 2d, 650). Such an action by the petitioner without the corporation as a party, based upon the fraudulent act of Coggins in converting this fund, would have to be brought within a reasonable time. Postponement for an unreasonable time would forfeit all rights to equitable relief. *Alexander* v. *Searcy*, 81 *Ga.* 536 (8 S. E. 630) ; *Smith* v. *Coolidge Banking Co.*, supra; *Winter* v. *Southern Securities Co.*, 155 *Ga.* 590 (2) (118 S. E. 214) ; *Graves* v. *Decatur*, 167 *Ga.* 678, 689 (146 S. E. 630). Clearly from 1920, the date of the alleged conversion, to 1944, the date when this suit was filed, a period of 24 years, would be an unreasonable delay and would constitute a bar to this action. It was alleged, however, that the petitioner did not know of this fact until 1943, and that due to a confidential relationship existing between Coggins as an individual and as president of the corporation, and the petitioner as a stockholder in the corporation, the petitioner reposed confidence in Coggins; and although the records of the corporation as a matter of law were available for his inspection, he never had exercised his right to inspect, and it was the duty of Coggins to reveal this fact to, and not to conceal it from, the petitioner, which duty he never performed. Whether or not the confidential relationship claimed by the petitioner did exist, it was the legal right of the petitioner to examine the records of the corporation and ascertain for himself such facts as that record would reveal. He would not be entitled to negligently refuse to acquire knowledge that was open and available to him, and yet excuse his negligence by charging the defendant with a failure to inform him as to what that record would disclose. *Crawford* v. *Crawford*, 134 *Ga.* 114 (3) (67 S. E. 673) ; *Frost* v. *Arnaud*, 144 *Ga.* 26 (2) (85 S. E. 1028) ; *Winter* v. *Southern Securities Co.*, supra; *King* v. *Citizens & Southern Nat. Bank*, 186 *Ga.* 336 (198 S. E. 70) ;

*Manning* v. *Wills,* 193 *Ga.* 82 (2) (17 S. E. 2d, 261). If it be conceded, however, that because of the existence of a confidential relationship the petitioner was entitled to rely upon the defendant to disclose without request the facts here complained of, this fact would in no wise excuse the petitioner from acting and from ascertaining the truth and acquiring knowledge of all that the records would have disclosed in 1936 at the time of his sale of all his stock to the defendant Coggins. Certainly he knew that the value of his shares depended upon the assets of the corporation, and therefore he could have had no opinion as to the value of those shares without first knowing the value and the nature of the assets of the corporation. It is not alleged that he at that time made any inquiry of the defendant Coggins or that he took the trouble to examine the books and records of the corporation. Presumably such an inquiry and examination would have disclosed every fact here complained of; and after that time, from which he is unquestionably chargeable with knowledge of the facts here complained of, until the time when this suit was filed, a period of approximately eight years elapsed, during which period the corporation was merged with a number of other corporations into the defendant corporation in this action. By such merger the assets and records have undoubtedly been mingled, and it has become more difficult to ascertain the precise assets and records of the old corporation. The petitioner's laches is a bar to the prosecution of the present action. *Citizens & Southern Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603); *Winter* v. *Southern Securities Co.,* supra; *King* v. *Citizens & Southern Nat. Bank,* supra.

*Judgment affirmed. All the Justices concur.*