**Paul B. BENEDICT, Appellant,**

v.

**Matthew L. RUE, Appellee.**

**No. 17211.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1958.

Thomas E. Skinner, Wilkinson & Skinner, Birmingham, Ala., E. Way Highsmith, Brunswick, Ga., Dan MacDougald,

MacDougald, Feagin & Williams, Atlanta, Ga., for appellant.

Charles L. Gowen, Gowen, Conyers, Fendig & Dickey, John J. Gilbert, Bennet, Gilbert, Gilbert & Whittle, Brunswick, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by appellant, plaintiff below, a stockholder in the Brunswick Peninsula Corporation, against the defendant, its president and general manager, the suit was for the true value of plaintiff's stock at the time same was purchased by defendant from plaintiff and for an accounting for the profits received by the defendant as a result of a breach of fiduciary duty to plaintiff.

The claim was (1) that, both because of his official position with the company and because of the close and intimate relations between plaintiff and defendant, defendant was under a clear and compelling duty as a fiduciary to give plaintiff, in reply to his inquiry, full and correct information about the value of his stock and the advisability of his selling it; and (2) that defendant, nevertheless, failed in his duty and fraudulently took an unjust and unfair advantage of plaintiff.

The defenses were: a denial that defendant breached his fiduciary obligation to plaintiff in respect of the stock; a denial that he had failed to disclose to plaintiff the true value of the stock; and a denial that he had in any way taken advantage of, imposed upon or defrauded plaintiff, or failed in any respect to discharge the duties and obligations imposed by law upon him.

Upon the issues thus joined, the depositions of plaintiff and defendant and of two other witnesses were taken. In addition, affidavits were filed, including an affidavit of defendant and one on behalf of plaintiff of a real estate broker, fixing the value of the lands held by the corporation at or about the time of the sale at $6,554,000.00, a value which if realized in the sale of the stock would have brought a price very much higher than that obtained by plaintiff.

Basing his motion upon these depositions and these affidavits, defendant filed a motion for summary judgment in his favor, and plaintiff also filed such a motion seeking judgment in his favor.

The district judge, filing lengthy and detailed findings of fact, followed by conclusions of law, denied plaintiff's, and granted defendant's, motion.

Appealing from the judgment, appellant is here urging upon us with assurance that the very nature and extent of the so-called findings of fact as well as of the evidence itself conclusively establishes that the district judge acted not as a determiner of law merely but as a trier of facts.

Appellee, on his part, placing firm reliance on the findings and conclusions as establishing the correctness of the judgment, insists that the district judge was right in holding that there were no issues of fact to be decided and that as matter of law plaintiff had failed to make out a case.

We find ourselves in full agreement with appellant that under the principles settled in the decided cases [1] it is clear that in undertaking to pronounce judgment without a trial, the district judge, under the evidence in this case, necessarily assuming the role of a trier of the facts, drew and stated inferences from facts which were susceptible of contrary inferences, and the case must be reversed for a trial on its facts.

1. Among these are: Loews, Inc., v. Bays, 5 Cir., 209 F.2d 610; Alabama Great Southern R. Co. v. Louisville & N. R. Co., 5 Cir., 224 F.2d 1, 50 A.L.R.2d 1302; Subin v. Goldsmith, 2 Cir., 224 F.2d 753; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Coe v. Riley, 5 Cir., 160 F.2d 538; Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 186 F.2d 365.

■ We shall not undertake, as the district judge did, to set out the evidence on which he based his findings or to state in detail our reasons for holding as we do, that this was peculiarly a fact case. It will suffice for us to say that under the law of Georgia the existence of a fiduciary relation, with a consequent duty and obligation upon defendant to fully, fairly and candidly advise plaintiff in answer to his questions about the stock and to refrain from any kind or semblance of self seeking or overreaching, was established as a matter of law, and that the testimony, viewed in the light most favorable to plaintiff's contentions, would support a finding in plaintiff's favor, that there was a breach of the duty and that plaintiff suffered damages because thereof.

■ This is not to say that if the findings of fact and conclusions of law had been set down by the judge after a trial and the facts testified to had been weighed and the inferences had been drawn therefrom by the judge in his capacity as a trier of fact, the judgment could not as matter of law stand. It is to say, though, that there were and are issues to be tried and determined by a trier of the facts, (1) whether the defendant breached his duty to plaintiff's damage, and (2) the amount of the damages. Both of these issues on the evidence in this case were and are wholly fact issues. Especially is it true that the value of the stock was a highly disputed fact issue, and that the evidence in respect to it was and is susceptible of different inferences and the case was and is determinable only in accordance with the particular inference drawn from the facts.

The judgment is reversed and the cause is remanded for trial and for further proceedings not inconsistent herewith.