21119.  KING MANUFACTURING COMPANY v. CLAY *et al.*

ARGUED JANUARY 9, 1961—DECIDED FEBRUARY 9, 1961.

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, John F. Hardin,* for parties at interest not parties to record.

*Hull, Willingham, Towill & Norman, Harris, Chance, Mc-Cracken & Harrison, Jones, Bird, Williams & Howell, Eugene T. Branch,* contra.

ALMAND, Justice. ■ We first consider the defendant corporation's contention that the court erred in sustaining the plaintiff's general demurrer to its cross-bill.

The gist of the corporation's assertion that it is entitled to equitable relief as against the plaintiffs is: that the plaintiffs while members of the corporation's board of directors, in violation of their obligation arising from the fiduciary capacity they occupied, conspired to get control of the corporation by buying

the stock of other stockholders, some in excess of the market value of the stock, for the purpose of selling their controlling interest to a foreign interest or selling all of the assets to the detriment of the corporation; that they as directors were, first, guilty of fraud, in that for personal reasons detrimental to the corporation they had acquired a named amount of shares, and they hold such shares in trust for the benefit of the corporation; second, that, in the purchase of these shares, they did so without the knowledge and consent of the board of directors of the corporation, and the voting rights of the acquired stock are impressed with an involuntary voting trust in favor of the directors; and, third, having acquired the stock in bad faith they should be enjoined from voting the stock.

Directors and officers in the management and use of corporate property in which they act as fiduciaries and are trustees are charged with serving the interests of the corporation as well as those of all the stockholders. *Atlanta Real Estate Co. v. Atlanta Nat. Bank,* 75 Ga. 40; *Oliver v. Oliver,* 118 Ga. 362 (45 S. E. 232); *Fricker v. Americus Mfg. &c. Co.,* 124 Ga. 165 (52 S. E. 65). Equity will afford relief to the corporation in an action against the directors for a breach of their duties to the corporation where injury results to the corporation or its stockholders. *Smith v. Coolidge Banking Co.,* 147 Ga. 7 (92 S. E. 519); *Wagner v. Biscoe,* 190 Ga. 474 (9 S. E. 2d 650); *Comolli v. Coggins,* 200 Ga. 620 (37 S. E. 2d 793); *Kimbrough v. Gainesville Mather Co.,* 53 Ga. App. 735 (187 S. E. 169). However, in the instant case none of the acts of the plaintiffs in their capacity as directors relate to their duties in the management or control of corporate property or corporate assets, but relate solely to their acts in acquiring the stock of other stockholders of the corporation who are not complaining. Counsel have cited us no statute of this State or any decision of this court holding that a corporation can object to one or more stockholders, though they also be directors in the corporation, purchasing the stock of other stockholders, because the motives and reasons for the purchase were not first disclosed to the other officers, directors, and stockholders, even if the purchase of the stock be for the purpose of obtaining a majority of the stock and liquidating the corporation.

A director in dealing with another stockholder for the purchase of his stock is under the same duties as partners, agents, and other fiduciaries to make a full disclosure of all material facts relative to the value of the corporate property under his control, known to him and unknown to the selling stockholders. Where the sources of information are not equally accessible to both parties and for a breach of that duty the selling stockholder has a right of action against the purchasing directors. *Oliver v. Oliver*, supra. A director in buying the stock is not under such duty to the corporation or the other directors. Stock in a corporation owned by an individual is his property and the corporation is not concerned in the disposition of his stock. Nor is it any concern of the corporation as to who purchases the stock, even if it be the purpose of the purchaser to gain control of a majority of the outstanding stock. See Straton's Independence v. Dines, 126 F. 968, aff'd, 135 F. 446; Insurance Agency v. Blossom (Mo. App.) 231 S. W. 636; 12 Fletcher Cyc. Corp. §§ 5452, 5449.

The cases relied on by the defendant (*Manning v. Wills*, 193 Ga. 82, 17 S. E. 2d 261); Benedict v. Rue, 260 F. 2d 97; Westwood v. Continental Can Co., 80 F. 2d 494; Blazer v. Black, 196 F. 2d 139), are not in point here, for the reason that they, as *Oliver v. Oliver*, supra, were actions in which the stockholder was asserting a breach of a duty owed to him on the part of a director purchasing stock.

The cross-bill failing to show that the plaintiffs in their capacity as either stockholders or officers of the corporation have breached any legal duty owed to the corporation that would give rise to any relief, legal or equitable, it was not error to sustain the plaintiffs' general demurrer and dismiss the cross bill.

■ We next consider the assignment of error on the court's refusal to allow the amendment to the cross-bill. Counsel for the defendant insists that, under *Code* §§ 81-1301 and 81-1302, the cross-bill, showing a plaintiff and a defendant and setting out sufficient facts to indicate and specify some particular fact or transaction as a cause of action, was sufficient to support an amendment. In *Ellison v. Ga. R. Co.*, 87 Ga. 691, 699, 709 (13 S. E. 809), it was said: "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to

the plaintiff, together with some definite breach of that duty which occasions loss or damage. Though it is the breach and not the duty itself which justifies the action or causes it to be brought, yet every breach involves a duty, and in order to make the breach appear, it is indispensable that the duty also should appear . . . And to render the amendment offered admissible, it must contain not merely the quantity and general quality of matter requisite to fill out the declaration, but its matter must be the residue of the identical cause of action of which a part is already described in the declaration. The identity may be disclosed through the duty element alone, or through the breach element alone, or partly through each. Some transaction must be indicated, and some particular duty and breach in respect to that transaction must apparently be asserted by the declaration, and must be shown to exist by the admendment." This court in *Davis v. Muscogee Mfg. Co.,* 106 Ga. 126, 129 (32 S. E. 30) said: "The omission in the original petition in the present case was not due to a failure to allege some essential fact which was necessary to a cause of action imperfectly set forth therein, but was an omission to allege in any way whatever a state of facts which would constitute a cause of action against the defendant. We can not hold that it was the intention of this court in *Ellison's* case to carry the law of amendment to such an extent. An imperfect cause of action may be made perfect by a suitable amendment. No cause of action whatever can not by amendment be converted into a cause of action."

The cross-bill wholly fails to show that the plaintiffs owed any duty to the defendant corporation with respect to their buying the stock of other stockholders. Asserting no cause whatever, it cannot by amendment be converted into a cause of action.

It is insisted that, since the plaintiffs are nonresidents and have voluntarily submitted themselves to the jurisdiction of the court in all matters directly connected with the case they had originated, this constituted an intervening equity that would permit the defendant to assert any counterclaim growing out of the original suit which the defendant sees fit to set up by a cross-action. Conceding the correctness of this contention (*Ray v. Home & Foreign Investment &c. Co.,* 106 Ga. 492, 32 S. E.

603; *Aetna Insurance Co. v. Lunsford,* 179 Ga. 716, 177 S. E. 727), this principle has no application here, for the reason that the rules of practice and procedure as regards amendments to pleading apply whether the plaintiff be a resident or a nonresident. If the cross-action fails to set forth a cause of action, the fact of nonresidence of the plaintiffs does not give the defendant the right by way of amendment to institute an independent action against the plaintiffs.

The court did not err in disallowing the tendered amendment.

*Judgment affirmed. All the Justices concur.*