JOHNSTON, county solicitor, *vs.* LOVETT, county judge.

When the act of 1876 provided that the fees of the county solicitor of Burke county should be the same as those allowed the solicitor-general in the superior court for like services, such fees became fixed, and a subsequent increase of the fees allowed solicitors-general did not also increase the fees of the county solicitor.

Officers.    Laws.    Costs.    County matters.    Before Judge Snead.    Burke Superior Court.    November Adjourned Term, 1879.

Reported in the decision.

A. W. RODGERS, by brief, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

The legislature, in 1876, authorized the establishment of a court for the county of Burke, with a solicitor whose fees were to be the same as those allowed the solicitor-general in the superior court for like services.

In 1879, an act was passed increasing the fees of the solicitors-general of the state, allowing them the additional sum of five dollars for each trial, or plea of guilty filed in a criminal case.

The county solicitor therefore claimed that, as by the act of 1876 it was provided that he should have the same

fees as the solicitor-general, that when the legislature increased the fees of that officer, his own were *ex vi termini* increased.

The judge of the county court refused to pay more than was provided for by the act of 1876, whereupon he was ruled before the superior court for these additional fees, and upon the hearing of the rule the court dismissed the same, and the movant excepted.

All officers of the law are entitled to just such fees as the general assembly may provide, and no more.

In this case they were fixed by the act establishing the court quite as distinctly as if they had been repeated in the act itself, instead of referring to another by which they ·were to be defined. If, therefore, they had been inserted, it would hardly have been claimed that a subse-quent act increasing the compensation of the solicitor-general embraced the county solicitor, without his being mentioned.

We think the ruling was right, and the judgment is affirmed.