HARRY L. SINGER, Plaintiff, *v.* AQUITANIA REALTY CORPORATION and Others, Defendants.

Supreme Court, New York County, April 14, 1930.

*Hirsh, Newman & Reass*, for the plaintiff.

*Millard E. Theodore*, for the defendant Beck and others.

MITCHELL, J. The plaintiff in this action was a tenant in premises 545 West One Hundred and Sixty-fourth street, New York city, owned by defendant Aquitania Realty Corporation. On May 4, 1925, he suffered severe injuries by reason of a fall down an elevator shaft on the premises caused, as he claims, by the owner's negligence. The summons and complaint in plaintiff's negligence action against the corporation were served on June 9, 1925. In June, 1927, the action was tried and a verdict of $1,200 was given in favor of the plaintiff. This verdict was set aside by the court as being inadequate. In June, 1928, the case was tried for the second time and a verdict was rendered in favor of plaintiff for $25,000. Upon an appeal to the Appellate Division the judgment was reduced to $15,000. The defendant corporation, the Aquitania Realty Corporation, carried a liability insurance policy to the extent of $10,000. That amount has been paid to plaintiff on account of his judgment, and there now remains due to him $5,000 and interest.

The defendant Aquitania Realty Corporation had by this time sold the property on May 20, 1925, to 545 West One Hundred and Sixty-fourth Street Corporation. The defendant Aquitania took back a purchase-money mortgage in the sum of $102,750, and I think about $30,000 was paid in cash. In January, 1926, the Aquitania Realty Corporation assigned this mortgage of $102,750 for an alleged consideration of $60,800. Although this was the money of the corporation, it was divided up between the directors of the corporation, Samuel Beck, Edward Unterman, Irving Wortman and Sigmund Glatzer. The piece of real estate referred to was the only property of the corporation defendant, and when the $60,800 was divided between the four men interested in the corporation, the corporation was completely divested of all of its property.

The complaint asks relief against the defendants Samuel Beck, William Glatzer, Edward Unterman and Irving Wortman, as directors of the corporation, for their unlawful acts, and against Samuel Beck, Edward Unterman, Irving Wortman and Sigmund Glatzer as fraudulent transferees of the money and property of the corporation. They divested the corporation of its entire property without any of the forms required by law. The fact that the corporation carried liability insurance is no excuse. It has turned out to be inadequate, and the individual defendants have possessed themselves of all of the assets and funds of the corporation.

It was not necessary that plaintiff should have been a judgment creditor at the time of the transfer of the property. (*Caesar* v. *Bernard,* 156 App. Div. 724; affd., 209 N. Y. 570.) Under section 15 of the Stock Corporation Law of 1923 (Laws of 1923, chap. 787),* the transfer of assets of the corporation by the directors of the corporation to themselves and others who took with notice was absolutely void as against the plaintiff.

Judgment is granted for plaintiff for the relief demanded in the complaint.