TRIONICS RESEARCH SALES CORPORATION, Respondent, v. NAUTEC CORPORATION et al., Appellants.

Concur — Stevens, J. P., Capozzoli, Tilzer and McGivern, JJ.; Eager, J., dissents in the following memorandum: I would reverse and deny the motion and the cross motion for summary judgment. Although the parties take the position that there are no issues of fact, the rendering of judgment for the plaintiff cannot be justified on the basis of the undisputed facts in the record. The plaintiff bases its right of recovery on the provisions of section 15 of the Stock Corporation Law. Assuming that said section 15 is applicable to this particular transfer of funds held in a foreign bank by the Trionics Corporation, a foreign corporation (although this is not entirely clear on the meager factual showing in the record), the defendants deny that the transfer was made " with the intent of giving a preference to " Nautec over the plaintiff and deny that the plaintiff sustained " any loss " by virtue of the transfer (see Stock Corporation Law, § 15). On the basis of the record, it appears that the payment to Nautec by Trionics was in furtherance of a plan undertaken in good faith, to make a pro rata distribution of the corporation's assets among the unsecured creditors. If such was the purpose, there was no intent to prefer Nautec and, furthermore, the payment pursuant to such purpose did not result in any loss to the plaintiff. If there are issues as to the good faith of the defendants or the *bona fides* of the claim of Nautec, such issues may not be disposed of as a matter of law. Moreover, if payment to Nautec was

a preferential payment prohibited by section 15 of the Stock Corporation Law, and plaintiff is entitled to judgment setting it aside, its right to such a judgment does not necessarily entitle it to have substantially all of the assets of the corporation applied solely in payment of its claim. Plaintiff had acquired no lien against its assets and, as of the time of the alleged preferential payment to Nautec, was entitled to no more than its prorata share of such assets if applied to the indebtedness owing all creditors. If the payment to Nautec is preferential, then also the payment which was made to plaintiff on account of its claim was preferential. If the defendant should institute voluntary bankruptcy or insolvency proceedings, the payment to plaintiff as well as the payment to Nautec would be marshalled and distributed pro rata. As a result, plaintiff would receive no more than the amount already paid to it and, in fact, it would receive less because of the deduction of the expenses of such proceedings. Under the circumstances, the issues relative to the alleged intent to prefer and plaintiff's alleged loss should not be summarily decided as a matter of law upon the present record; the resolution thereof should await full development of the facts upon a trial.