27178.   STRICKLAND v. CRUTCHER et al.

SUBMITTED MAY 9, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JUNE 29, 1972.

Injunction. DeKalb Superior Court. Before Judge Peeler.

*Thomas H. Antonion,* for appellant.

*Harvey & Willard, E. C. Harvey, Jr., Carl V. Kirsch,* for appellees.

GRICE, Presiding Justice. We review here the dismissal of a complaint with reference to alleged corporate mismanagement.

The complaint recites that it is by Gillun E. Strickland "for himself personally and in behalf of C. & S. Concrete Structures, Inc., the creditors thereof, and the United States Treasury Department, together with State Department of Revenue," and is against Vernon Crutcher and N. D. Crutcher, The Crutcher Co., Inc. and Mrs. Ann Nystel. It was filed in the Superior Court of DeKalb County.

The complaint, insofar as necessary to recite here, made in substance the allegations which follow.

It alleged that in 1970 the plaintiff and Vernon Crutcher

organized and became officers and sole stockholders of C. & S. Concrete Structures, Inc. and also organized and became sole stockholders in Atlanta Shoring & Supply Co., Inc.

The complaint further alleged that Vernon Crutcher, N. D. Crutcher d/b/a The Crutcher Co., Inc., Mrs. Nystel and The Crutcher Co., Inc. entered into a conspiracy to destroy the said C. & S. Concrete Structures, Inc. and Atlanta Shoring & Supply Co., Inc. and thereby to acquire substantially all assets for their own benefit; that overt acts of the conspiracy included mismanagement and replacement of key personnel of the two corporations, surrender of a valuable construction contract, default in payment of state and federal taxes, concealment of records, neglect of business and unlawful disposition of corporate assets to another corporation under their control.

The complaint, among other relief, sought recovery of monetary damages for the plaintiff, including punitive damages, and temporary and permanent injunction from receiving any moneys from construction contracts with T & B Builders, Inc. and Ira H. Hardin Co.; and it also prayed that these two parties pay such amounts into court and be enjoined from paying any portion to the defendants unless approved by the plaintiff.

Each of the defendants filed, among other pleadings, a motion to dismiss the complaint for failure to state a claim for which relief can be granted. The defendants also jointly filed a motion to dismiss the complaint upon the same ground. All of such motions were granted, dismissing the complaint.

The appeal is from that judgment.

This disposition, in our view, was erroneous.

The complaint charged all of the defendants to be conspirators. It alleged that they had committed certain overt acts of conspiracy in attempting to destroy the two corporations referred to above, and that damage had ensued.

The action filed by the plaintiff was characterized as being not only for himself but also on behalf of C. & S. Concrete Structures, Inc., the creditors, the United States

Treasury Department and the State Department of Revenue.

The prayers for relief included not only damages for himself, but also for injunctive relief which would be in favor of C. & S. Concrete Structures, Inc.

It is apparent that a portion of the complaint is in the nature of a derivative action, in that the plaintiff as a stockholder and for the benefit of the corporation seeks certain relief against the defendant Vernon Crutcher, who is the other officer and stockholder. This feature of the complaint does not set forth a claim for relief because it was not alleged that the plaintiff shareholder had complied with the condition precedent of first seeking redress within the corporation, or the reasons shown for not making such effort, as is required by *Code Ann.* §§ 22-615 (b) (Ga. L. 1968, pp. 565, 629) and 81A-123 (b) (Ga. L. 1966, pp. 609, 632).

But the deficiency of the derivative action feature of the complaint against the defendant Vernon Crutcher does not cause the complaint to be dismissed as to him and the other defendants who are not officers of the corporation and are not subject to the requirement of prior redress.

This court has consistently held that a complaint should not be dismissed unless its averments disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See e. g. *Mitchell v. Dickey,* 226 Ga. 218 (173 SE2d 695); *Gill v. Myrick,* 228 Ga. 253 (185 SE2d 72). Accordingly, if the complaint sets forth a claim for *any* relief, it should not be dismissed.

Whether or not the plaintiff was authorized to file this suit on behalf of the tax officials remains to be a matter of proof upon the trial.

Therefore, since the instant complaint sets forth a claim against all of the defendants except for the derivative action against Vernon Crutcher, it should not have been dismissed.

*Judgment reversed. All the Justices concur.*