## 52093. DAVIS v. BEN O'CALLAGHAN COMPANY.

MARSHALL, Judge.

This is an appeal from a directed verdict in favor of the plaintiff below, O'Callaghan, and a jury verdict and judgment for damages in a total amount of $50,000 against Davis, a corporate director of Security Development & Investment Company.

The facts indicate O'Callaghan was a subcontractor which furnished material and performed work for a land development corporation, Security Development & Investment Company (Security) during construction of a housing development. Davis was a corporate director of Security. Although O'Callaghan furnished all material demanded by its contract with Security and installed the equipment, a dispute arose over the acceptability of the material and its installation. To offset the refusal to pay for work performed until the work was performed in an acceptable manner, Security executed to O'Callaghan a promissory note in the amount agreed by the parties as being owed. Additionally, O'Callaghan filed a materialman's lien for its work and material. After the material had been installed, other stockholders of Security sold their interest to Davis, and Davis became the sole owner of Security. The purchase agreement required that $40,000 of the purchase price would be set aside in independent hands as escrow (and deducted from the purchase price) to pay the indebtedness claimed by O'Callaghan. For procedural reasons O'Callaghan was unsuccessful in establishing its lien. It did obtain a judgment on the promissory note against Security in the

amount of $43,585.50 which included the original indebtedness, interest and attorney fees. However, Security had no assets from which the judgment could be satisfied. Consequently, O'Callaghan brought this suit against Davis.

Prior to the time O'Callaghan perfected its judgment against Security, Davis obtained the $40,000 set aside in escrow for satisfaction of O'Callaghan's claim. Davis deposited this $40,000 as assets of Security Management, a new corporation directed by Davis. Though Davis maintained that he spent the $40,000 plus many thousands more of personal funds to satisfy debts of Security, no effort was made to pay Security's judgment creditor, O'Callaghan.

The present suit apparently is the first Georgia case premised upon the provisions of Ga. L. 1968, pp. 565, 640 (Code Ann. § 22-714 (a) and (b)). That Code section in substance authorizes an action to be brought by a judgment creditor directly against a corporate director to decree appropriate relief called for by the director's official conduct where he failed to perform his duties, inter alia, in the disposition of corporate assets committed to his charge or the transfer to others of corporate assets in violation of his duties.

Davis raises four basic enumerations of error: (1) the failure to direct a verdict for Davis; (2) directing a verdict for O'Callaghan; (3) submitting an issue of punitive damages to the jury; and (4) allegedly improper comments of the trial court in the presence of the jury amounting to a prejudicial statement of opinion. *Held:*

1. The first two enumerations are interrelated and will be treated together. Davis relies upon several arguments to support his contention that the trial court should have granted his motion for a directed verdict.

(a) Davis maintains his actions were not "official" within the meaning of Code Ann. § 22-714. Davis does not dispute he was a director of Security, but denies being active in that capacity. Though he paid some of Security's debts, he did so as executive of a different corporation, Security Management. Since he did not "act" for Security, Davis contends he performed no "official conduct."

This contention that he was an "inactive director" is

an admission that he breached a duty as a corporate director. In *Boddy v. Theiling,* 129 Ga. App. 273 (2) (199 SE2d 379), this court held that directors may not be mere ornaments and figureheads but must carry out their responsibilities of obedience to the law and loyalty as a fiduciary with the diligence of an ordinarily prudent man. This "do-nothing" defense is not legally sufficient to warrant a verdict in his behalf.

(b) Davis further contends that his inaction was neither wrongful nor negligent, an essential predicate for recovery against a director under Code § 22-714. He contends, he made payments through Security Management on behalf of Security by paying Security's debts. Yet the facts reflect that Davis took assets of Security contrary to the agreement he signed as a corporate director of Security that $40,000 would be used to satisfy Security's debt to O'Callaghan. As a director of Security, Davis was obligated as a fiduciary to use the assets as previously committed by him for the benefit of the corporation. *Lowry Banking Co. v. Empire Lumber Co.,* 91 Ga. 624, 630 (17 SE 968). Davis did not use the $40,000 to satisfy O'Callaghan's claim but used it to pay other creditors of Security. Davis testified that as a member of the business community he was concerned with his business reputation. To maintain that good reputation, he used the committed assets and other personal assets to pay Security debtors other than O'Callaghan. Under these facts, Davis became a trustee ex maleficio of the $40,000 escrowed in favor of O'Callaghan. *Tatum v. Leigh,* 136 Ga. 791 (72 SE 236). His diversion of the committed corporate assets was a wrongful act in breach of his fiduciary duties as the sole remaining director of Security's unfinished business and safeguarder of Security's assets.

(c) Davis further contends that O'Callaghan could not bring this action in its own name and thereby defeat the right of other creditors of Security. He maintains that O'Callaghan could bring only a derivative action in favor and on behalf of Security and thereafter share with other creditors in any proceeds that might be recovered by Security.

This argument is without foundation. Code Ann. §

22-714 (a) and (b) plainly state that an action may be brought directly against a director *by a judgment creditor* for the benefit of the corporation. That same section requires only a stockholder to bring a derivative action. The cases cited by Davis in his brief all relate to suits by minority stockholders and are not apropos to this suit. The comment in the Code Annotated following Code Ann. § 22-714 makes clear "Subsection (b) establishes that an action for relief provided in the instant section (and in § 22-715) may be brought either by the corporation (or the enumerated representatives thereof), a judgment creditor or a shareholder suing derivatively." New York cases interpreting that state's business corporation law, one of the bases for Georgia's Code § 22-714, also hold that a creditor may maintain a suit in his own right and is not obligated to commence a derivative action. See Lazar v. Towne House Restaurant Corp., 142 NYS2d 315; Trionics Research Sales Corp. v. Nautee Corp., 28 A. D. 2d 644 (280 NYS2d 630).

Code Ann. § 22-714 provides that an action by a judgment creditor must be brought for the benefit of the corporation. However, in this instance, the obligation of the corporation, by the agreement of its directors was to satisfy a debt to a specific creditor of the corporation. Since the corporation, under the terms of its own agreement, was required to pay these particular dollars to this specific creditor, we see no reason, under these peculiar facts, to deny recovery by that creditor directly against the corporate officer under this Code provision.

(d) Davis' argument that Security was an indispensable party to the suit falls for the same reason. Since there was no necessity for a derivative action, it was not necessary for Security to be a party to the action.

(e) Davis further attacks O'Callaghan's capacity to bring this suit in that at the time Davis acquired Security, O'Callaghan was not a stockholder nor a judgment creditor of Security. The law does not support this position. "It has never been held that in a case such as this, one sought to be charged as trustee ex maleficio could not be sued until there had been in a previous suit a judgment against the original debtor. No practical end would be served by such a requirement." *Miller's Nat. Ins. Co. v.*

*Hatcher,* 194 Ga. 449, 453 (22 SE2d 99). See *Turner v. Tyson,* 211 Ga. 53 (84 SE2d 86); Singer v. Aquitania Realty Corp., 137 Misc. Rep. 295 (241 NYS 701). Further, by failing to attack O'Callaghan's capacity to sue by specific negative averments in his answer, Davis has waived any objection to O'Callaghan's capacity to sue. CPA § 9 (Code Ann. § 81A-109 (a) (Ga. L. 1966, pp. 609, 620)); *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (1) (194 SE2d 269); *Fleet Transport Co. v. Cooper,* 126 Ga. App. 360 (1) (b) (190 SE2d 629).

(f) Finally, Davis contends that by failing to obtain the return of a nulla bona as against Security, O'Callaghan was never entitled to bring this action. The testimony of Davis clearly established that he was the last officer of Security, that the corporation had no assets, and had had no assets since the sale to himself back in 1968 or 1969.

Under these circumstances the law of this state does not require a futile act. It is not a prerequisite to a suit to set aside a conveyance to have a return of nulla bona where there were no available assets against which a recovery could be had. *Thurmond v. Reese,* 3 Ga. 449; *Stephens v. Beal,* 4 Ga. 319 (1). See also Ripley v. International Railways of Central America, 8 A. D. 2d 310 (188 NYS2d 62); Lilienthal v. Betz, 108 A. D. 222 (95 NYS 849).

An examination of the above issues by Davis reveals they are all based in law. Davis admitted the judgment against Security and the fact that the $40,000 had been placed in escrow to satisfy Security's debt to O'Callaghan. There being no issues of fact on the question of liability, the trial court did not err in failing to grant a directed verdict for Davis nor in directing a verdict for O'Callaghan on this issue. *Smith v. Francis,* 221 Ga. 260 (5) (144 SE2d 439); *Green Hotels, Inc. v. C. & S. Nat. Bank,* 108 Ga. App. 286, 292 (132 SE2d 800).

2. In his third enumeration, Davis avers that Code § 22-714 does not authorize punitive damages since that section of the Code is not a codification of a common law tort. He further argues that O'Callaghan could not recover any damages since any recovery would enure to the benefit of Security. Finally, Davis argues that he took

the $40,000 under a claim of right and has at all times acted in good faith.

Most of these contentions have been discussed hereinbefore and resolved contrary to Davis' position. Further the breach of his fiduciary duty as a trustee ex maleficio is sufficient to support punitive damages arising out of tortious misconduct. There are three elements of a tort: existence of a legal duty other than contractual from defendant to plaintiff, breach of that duty, and damage as a proximate result. City of Mobile v. McClure, 221 Ala. 51 (127 S 832). Black's Law Dictionary, Fourth Edition, 1951, p. 1660. See Code § 105-101 (4403); Bates v. Madison County, 32 Ga. App. 370, 371 (3) (123 SE 158). O'Callaghan's petition and the evidence in support thereof make manifest that O'Callaghan was seeking damages for a breach of duty. That renders this a suit ex delicto. Rushin v. Central of Ga. R. Co., 128 Ga. 726 (3) (58 SE 357).

3. In his final enumeration of error, Davis complains that in an exchange with counsel during opening statements, the trial court committed reversible error by expressing an opinion that he (Davis) had appropriated the $40,000 to his own use.

This statement when placed in context reflects that the trial court was attempting to distill and establish the theories of the parties. The court stated to counsel in the presence of the jurors that it knew nothing of the case and was making no statements of fact. The court informed counsel (and the jury) that the only purpose was to identify the issues "so we will know what to look for."

This was not tantamount to the expression of an opinion and does not require a new trial. Wheeler v. State, 220 Ga. 535 (3) (140 SE2d 258); Jackson v. State, 225 Ga. 39, 43 (3) (165 SE2d 711). Furthermore, since Davis did not move for a mistrial in the court below, he cannot now enumerate as error a failure to grant a mistrial. Pritchard v. State, 225 Ga. 690 (2) (171 SE2d 130); Mitchell v. Gay, 111 Ga. App. 867, 874 (8) (143 SE2d 568).

Judgment affirmed. Pannell, P. J., and McMurray, J., concur.

ARGUED APRIL 8, 1976 — DECIDED MAY 21, 1976 —

REHEARING DENIED JUNE 14, 1976 —

Glenville Haldi, Cotton, Katz & White, Richard A. Katz, J. Michael Lamberth, for appellant.

Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Winston H. Morriss, for appellee.