## 31476. DAVIS v. BEN O'CALLAGHAN COMPANY.

INGRAM, Justice.

We granted certiorari in this case to determine whether a judgment creditor of a corporation could bring

an action for his own benefit against a corporate officer or director under Code Ann. § 22-714 (Rev. 1970), and, if so, whether punitive damages are allowable in such an action.

The plaintiff, Ben O'Callaghan Company, is a judgment creditor of Security Development and Investment Company. O'Callaghan was unable to obtain satisfaction of its judgment against Security and sued the defendant Bruce R. Davis, a major shareholder, officer and director of Security and transferee of its sole asset. The trial court directed a verdict in favor of O'Callaghan under Code Ann. § 22-714 for $40,000 actual damages and the jury returned an award of $10,000 in punitive damages. For the reasons hereafter stated, we affirm the directed verdict but reverse the punitive damages award.

A brief statement of the facts is essential to an understanding of the legal issues presented. The corporation involved here, Security Development and Investment Company, was a prime contractor and Ben O'Callaghan Company was a subcontractor for the construction of an apartment complex in Atlanta, Georgia. A one-half undivided interest in the apartment complex was owned by the defendant Davis and other directors and officers of Security in their individual capacities. They conveyed the property to Security and Security reconveyed to Davis. The purchase price was $225,000. After also purchasing the undivided interests of the other parties, Davis became the sole owner of the apartments.

O'Callaghan had installed air conditioning and heating units in the apartment complex and a dispute arose as to the quality of work performed. An accord was reached in the amount of $36,500 and Security executed to O'Callaghan a promissory note for that amount. In addition, O'Callaghan filed a materialmen's lien on the premises. The purchase agreement between Security and Davis required that $40,000 of the purchase price would be placed in the hands of an escrow agent "for payment of lien of Ben O'Callaghan Co." O'Callaghan was unable to establish its materialmen's lien for procedural reasons. The escrow agent released the $40,000 to Davis.

O'Callaghan obtained a judgment against Security on the promissory note in the principal sum of $36,500, plus costs, interest and attorney fees. But, apparently, O'Callaghan was unable to satisfy its judgment against Security. O'Callaghan then sued Davis for the $40,000, plus $200,000 punitive damages, alleging that Davis' failure to expend the $40,000 previously in escrow to pay the O'Callaghan debt constituted waste of a corporate asset in contravention of Code Ann. § 22-714, a transfer in fraud of creditor's rights, and additionally, that Davis became liable to O'Callaghan as a trustee ex maleficio of the funds.

Code Ann. § 22-714 sets out broad guidelines as to when actions may be brought against directors and officers for wrongs suffered by the corporation. See subsection (a) (1-3). Subsection (a) expressly directs that the judgment procured be "for the benefit of the corporation." Subsection (b) contains an enumeration of the parties entitled to sue under this section. See 7 Ga. St. B. J. 277 — Liability of Corporate Directors and Officers (and Shareholders) Under the Georgia Business Corporation Code, by David S. Baker, Feb., 1971. Since the relief provided for in Code § 22-714 is "for the benefit of the corporation," and since actions under that section are for wrongs suffered by the corporation (see Comments), we conclude that generally actions by judgment creditors against officers or directors under § 22-714 must be brought derivatively.

The Comments to § 22-714 state that this section is based upon New York Business Corporation Law, § 720. The New York cases do hold under that section and its predecessors a judgment creditor of a corporation may maintain a direct action against an officer or director. See Trionics Research Sales Corp. v. Nautec Corp., 20 A.D. 2d 644 (280 NYS2d 630) (1967); Lazar v. Towne House Restaurant Corp., 142 NYS2d 315 (1955); Brown Packing Co. v. Lewis, 185 Misc. 445 (58 NYS2d 443) (1943); Buttles v. Smith, 281 N.Y. 226 (22 NE2d 350) (1939); Whalen v. Strong, 230 A.D. 617 (246 NYS 40) (1930); Buckley v. United Cloak &c. Co., 155 A.D. 735 (140 NYS 953) (1913), affd. 214 N.Y. 679 (108 NE 1090) (1915); Steele v. Isman, 164 A.D. 146 (149 NYS 488) (1914).

However, the New York cases require the judgment creditor to have execution of his judgment against the corporation returned unsatisfied as a prerequisite to such an action. The action must also be maintained for the benefit of all judgment creditors of the corporation unless it is shown that there are not any others. In addition, it is significant that these corresponding provisions of New York's corporation law do not contain the requirement that judgments procured thereunder be *for the benefit of the corporation,* as does Code Ann. § 22-714.

In support of the argument that § 22-714 allows a judgment creditor to proceed directly for his own benefit, appellee places major reliance upon the wording of subsection (b). That subsection, which contains an enumeration of the parties entitled to sue under § 22-714, states that, "An action may be brought for the relief provided in this section, and in the provisions of § 22-715 relating to the liability of directors in certain cases, by the corporation, or a receiver, trustee in bankruptcy, officer, director or judgment creditor thereof, or by a shareholder in accordance with §§ 22-614 and 22-615 relating to derivative actions."

Appellee argues that § 22-714 requires only shareholders to bring a derivative action, and, therefore, by negative implication judgment creditors may bring an action for their own benefit. We construe the statutory language to mean that a judgment creditor must generally sue for the benefit of the corporation, that is, derivatively, but need not comply with *all* of the procedural requirements which must be satisfied in shareholder derivative actions under § 22-615 of the Business Corporation Code and § 81 A-123 (b) of the Civil Practice Act.

After having recognized the general rule that judgment creditors must sue derivatively under § 22-714, we acknowledge that there are exceptions to the rule and hold that this case is such an exception. Although not clearly defined, there are several classes of cases in which shareholders have been allowed to maintain direct actions against officers and directors. See Ballantine on Corporations, Chap. XI — Shareholders' Suits, Individual and Derivative (1946); and, 35 NCL Rev. 279 (Feb. 1957),

Comment: Corporations — Shareholders' Derivative and Direct Actions — Individual Recovery. Watson v. Button, 235 F2d 235 (9th Cir. 1956); Kaplan's Nadler, Ga. Corp. Law, § 11-16 (1971).

The possibility of allowing a direct recovery by a shareholder was recognized, though not allowed, in the only Georgia Supreme Court decision dealing with Code Ann. § 22-714, *Pickett v. Paine,* 230 Ga. 786 (199 SE2d 223) (1973). In tort actions, corporate officials have been allowed to sue and be sued directly. See *Wrigley v. Nottingham,* 111 Ga. App. 404 (141 SE2d 859) (1965); *Dale v. City Plumbing &c. Co.,* 112 Ga. App. 723 (146 SE2d 349) (1965). Shareholders have been allowed to maintain direct actions against corporate officers and directors when to allow the corporation to retain the proceeds of the judgment would actually benefit the parties who were guilty of the very misconduct which gave rise to the action. See Perlman v. Feldmann, 219 F2d 173 (2d Cir. 1955). Furthermore, where there is some relationship between the shareholder and the wrongdoer, arising out of a special fiduciary or contractual relationship, independent of the usual shareholder and director relationship, individual actions have been allowed where there was a breach of such relationships. See Ritchie v. McMullen, 79 F 522 (6th Cir. 1897), cert. den. 168 U. S. 710 (18 SC 945, 42 LE 1212) (1897).

We see no reason why a judgment creditor cannot maintain a direct action against an officer or director under similar extraordinary circumstances. In allowing O'Callaghan to recover a judgment directly against Davis, the Court of Appeals held, in effect, that there was a special contractual relationship between O'Callaghan and Davis. *Davis v. Ben O'Callaghan Co.,* 139 Ga. App. 22 (227 SE2d 837). The Court of Appeals stated, "Code Ann. § 22-714 provides that an action by a judgment creditor must be brought for the benefit of the corporation. However, in this instance, the obligation of the corporation, by the agreement of its directors was to satisfy a debt to a specific creditor of the corporation. Since the corporation, under the terms of its own agreement, was required to pay these particular dollars to this specific creditor, we see no reason, under these peculiar facts, to

deny recovery by that creditor directly against the corporate officer under this Code provision." P. 25. We agree. The language of Code Ann. § 22-714 (a) (1) (B) is sufficiently broad to impose liability upon Davis under the facts of this case.

However, the punitive damages award in this case must be reversed. The Court of Appeals affirmed the imposition of punitive damages on the ground that Davis' breach of his fiduciary duty as a trustee ex maleficio rendered this a suit sounding in tort. See *Turner v. Tyson,* 211 Ga. 53 (84 SE2d 86) (1954); *Tatum v. Leigh,* 136 Ga. 791 (72 SE 236) (1911). In order to hold an officer or director liable as a trustee ex maleficio of the proceeds from the sale of corporate property, it must be shown that the person sought to be held liable appropriated the money to his own use. We think the evidence here fails to support this conclusion. It shows that Davis did not appropriate the money released to him to his individual or personal use, but, rather, used it to pay other debts of Security which the purchase agreement did not obligate him to pay. Therefore, although punitive damages may be allowed in a proper case, the award must be reversed in this case.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED NOVEMBER 8, 1976 — DECIDED JANUARY 4, 1977 — REHEARING DENIED JANUARY 27, 1977.

*Glenville Haldi, Cotton, Katz & White, J. Timothy White, J. Michael Lamberth,* for appellant.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Winston H. Morriss,* for appellee.