## 54479. FIRST NATIONAL BANK OF TUCKER v. HALL et al.

WEBB, Judge.

The First National Bank of Tucker filed a complaint in the State Court of Fulton County against Jo Anne Hall, an officer of the bank, alleging that as an officer she was responsible to the bank for the loyal and diligent performance of her duties and to report all matters known to her which were relevant to the affairs of the bank and about which the bank should be apprised; that as an officer and employee she had acquired knowledge of actions of other officers of the bank which were contrary to bank policy, and specifically that loans were being made without authorization by the board of directors; that she had acquired knowledge of these loans being made by some officers after she or other officers had turned down requests to make them; that she negligently, knowingly and wilfully, contrary to her responsibilities as an officer, failed to inform the members of the board of directors of these actions by other officers which she knew or should have known were contrary to bank policies or in its best interest; that on or about April 5, 1975, the Comptroller of the Currency of the United States forced the sale of the bank's assets, in part due to the large number of loans it had made which the comptroller deemed uncollectible; and that many of these uncollectible loans had been made by bank officers contrary to the policies of the board of directors and without their knowledge, but with Hall's knowledge.

The complaint further asserted that as a direct and proximate result of Hall's negligence and wilful dereliction in the performance of her responsibilities the board of directors was without knowledge that these loans had been made, to the direct detriment of the bank; and that the exact damage suffered by the bank was at that

time unknown, but was substantially in excess of $40,000. The prayers were that Hall be found liable for the damage suffered from her negligent performance of her duties and her wilful failure to perform her duties in an amount to be subsequently determined, and for such other and further relief as the court deemed just and proper. The court granted Hall's motion to dismiss on the ground that no claim had been stated upon which relief could be granted, and the bank appeals.

We reverse. The Georgia Business Corporation Act provides that "An action may be brought by [a corporation] against one or more directors or officers of a corporation to procure for the benefit of the corporation a judgment . . . [t]o compel the defendant to account for his official conduct, or to decree any other relief called for by his official conduct, in the following cases:

"(A) The neglect of, or failure to perform, or other violation of his duties in the management of the corporation, or in the disposition of corporate assets committed to his charge.

"(B) The . . . transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties . . ." Code Ann. § 22-714 (a) (1) (A, B) and (b) (Ga. L. 1968, pp. 565, 640).

Both this court and the Supreme Court have "consistently held that a complaint should not be dismissed unless its averments disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." *Strickland v. Crutcher,* 229 Ga. 310, 312 (191 SE2d 55) (1972); *Paris v. C. & S. Nat. Bank,* 141 Ga. App. 165, 167 (1) (233 SE2d 433) (1977). In our view the language of Code Ann. § 22-714 is sufficiently broad for an action to be brought under the averments of this complaint. The bank sought to compel Hall, an officer of the corporation, to account for her official conduct and for "any other relief called for by [her] official conduct" in the neglect and failure to report the transfer, loss or waste of corporate assets by other officers of which she had personal knowledge. Of course, whether liability can be imposed is a question of fact. Cf. *Davis v. Ben O'Callaghan Co.,* 238 Ga. 218 (232 SE2d 53) (1977). Accordingly, the

trial court erred in granting Hall's motion to dismiss for failure to state a claim.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 22, 1977.

*Somers & Altenbach, Fred L. Somers, Jr., Charles E. Jabaley,* for appellant.

*Spearman, Thrasher & Whitley, William Lewis Spearman, Bernard L. Greer, Jr., Jeffrey M. Smith,* for appellees.