## 58285. HASTY et al. v. RANDALL et al.

SMITH, Judge.

The trial court was correct in granting appellees' motion to dismiss the complaint for failure to state a claim, we therefore affirm its order doing so.

1. Appellees made their motion to dismiss at a hearing, and, contrary to Hasty's contention, it was thus not necessary for the motion to be written. CPA § 7(b)(1) (Code Ann. § 81A-107 (b) (1)).

2. Hasty is also incorrect in his assertion that the trial court's order should have contained findings of fact and conclusions of law in accordance with CPA § 52 (Code Ann. § 81A-152). CPA § 52 (a) specifically exempts decisions rendered on CPA § 12 (Code Ann. § 81A-112) motions from that requirement.

3. Appellant James Hasty brought this action both

individually and for the benefit of Hasty Builders, Inc., in which he owned one-third of the outstanding stock. All the parties were officers and directors of the corporation.

After examining each count of the complaint, we feel the trial court's decision was proper. The portion of the complaint in the nature of a derivative action "does not set forth a claim for relief because it was not alleged that the plaintiff shareholder had complied with the condition precedent of first seeking redress within the corporation, or the reasons shown for not making such effort, as is required by Code Ann. §§ 22-615(b) (Ga. L. 1968, pp. 565, 629) and 81A-123(b) (Ga. L. 1966, pp. 609, 632)." *Strickland v. Crutcher,* 229 Ga. 310, 312 (191 SE2d 55) (1972). A count in the complaint asserting merely that the corporation owed Hasty $2,200 in salary does not state a cause of action against appellees individually. Finally the portion of the complaint sounding in fraud must fail because it alleges only that appellees made certain representations as to future events. *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72 (174 SE 207) (1934).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted September 10, 1979 — Decided November 16, 1979.

*James M. Kimbrough,* for appellants.
*John McCarter,* for appellees.