61005, 61027. PELLETIER v. SCHULTZ (two cases).

QUILLIAN, Chief Judge.
Plaintiff-appellee, Schultz, entered into the formation of a corporation with defendant-appellant Pelletier and defendant Feldman. Schultz filed this action to recover his investment in the unsuccessful business venture and asked to be held harmless as a co-maker on a promissory note for $9,000. He further requested punitive damages of $100,000 to "deter the defendants from further wrong doing." In his third Count he prayed for defendants to be enjoined from harassing plaintiff and his family.

A dispute arose over the extent of discovery and the trial court struck the defendant's answer and counterclaim as a sanction. The action became in default. Following a colloquy between counsel and the court, the trial court indicated if the plaintiff would waive his punitive damages he would sign the judgment. A judgment was prepared which granted plaintiff $3,000 with past interest of $874.08, future interest "at the legal rate" under Count I, and $9,000 "together with interest . . . of $3,520 with future interest of 10 % per annum . . ." as to Count II. Defendant Pelletier brings this appeal.
*Held:*

1. "All equity features which this case originally contained having been eliminated before it came to judgment in the trial court, and no ruling upon any question involving equity being presented for review, the Court of Appeals . . . has jurisdiction of the [case]." *Jackson Elec. Membership Corp. v. Echols,* 207 Ga. 707 (63 SE2d 900); *Simonton Const. Co. v. Pope,* 212 Ga. 456 (93 SE2d 712); *Benton v. State Hwy. Dept.,* 220 Ga. 674, 676 (141 SE2d 396).

2. Defendant does not contest the right of the plaintiff to bring this action. But see: Code Ann. § 22-714 (Ga. L. 1968, pp. 565, 640); *Greenwood v. Greenblatt,* 173 Ga. 551 (3) (161 SE 135); *Wagner v. Biscoe,* 190 Ga. 474, 476-478 (9 SE2d 650); *Budreau v. Crawford,* 222

Ga. 716, 720-721 (152 SE2d 398); *Pickett v. Paine,* 230 Ga. 786, 790 (199 SE2d 223); *Davis v. Ben O'Callaghan Co.,* 139 Ga. App. 22 (1e) (227 SE2d 837); Kaplan's Nadler, Ga. Corporation Law 366 (1971 Ed.), §§ 10-18, 11-17; 19 AmJur2d 74, Corporations, § 536, Id. at 743, § 1336; see also Division 3, infra.

3. Where the defendant is in default, plaintiff is entitled to judgment "as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages . . ." Code Ann. § 81A-155 (a) (CPA § 55 (a); Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). Defendant contends the action in the instant case was ex delicto and plaintiff was required to prove his damages. We agree.

Plaintiff's action alleged formation of a corporation — known as Multi-State Lectures, which conducted Bar review courses to aid persons to pass the State Bar examination. He "advanced" defendants the sum of $1,500 when forming the corporation and $1,500 on other occasions. He also alleged that defendant Pelletier conducted all the business of the Corporation and that plaintiff helped secure a loan from C & S National Bank in the amount of $9,000 "on behalf of Multi-State Lectures, Inc. which was endorsed by Plaintiff and both defendants." Plaintiff stated that after a disagreement in July of 1976 the two defendants formed a new Bar Review Group, Inc., using the equipment and property of Multi-State Lectures, and demanded they be restrained and enjoined from such use of corporate equipment.

It was alleged that unless the defendants were restrained and enjoined they "will continue to use such equipment, etc. and co-mingle the assets of Multi-State Lectures, Inc. with Bar Review Group, Inc. to the extent that all assets of Multi-State Lectures, Inc. will be lost." Plaintiff further alleged "that the Defendants have committed fraud upon the Plaintiff in that both the Defendants have conspired to convert the assets of Multi-State Lectures, Inc. for their personal benefits and the benefit of Bar Review Group, Inc. . . . and Plaintiff should have judgment against the defendant in the sum of $100,000.00 and damages and deter the Defendants from further wrong doing."

a. Such allegations connote conversion of corporate assets. Conversion involves the unauthorized assumption and exercise of right of ownership over personalty of another, contrary to the owner's rights. *McGlamory v. Marcum,* 118 Ga. App. 516 (1) (164 SE2d 274). "Any act of dominion wrongfully asserted over another's personal property — which is in denial of his property rights, or inconsistent

with them, is a conversion. *James v. Newman,* 73 Ga. App. 79, 80 (3) (35 SE2d 581)." *Shaw v. Wheat St. Baptist Church,* 141 Ga. App. 883, 884 (234 SE2d 711). Conversion is a tort. *Carithers v. Maddox,* 80 Ga. App. 230 (5) (55 SE2d 775); *Sisk v. Carney,* 121 Ga. App. 560, 564 (174 SE2d 456). The plaintiff's action also asked for punitive damages, which may be awarded in a suit based in tort. Code Ann. § 105-2002 (Code § 105-2002). Such damages may not be demanded in an ex contractu action. Code Ann § 20-1405 (Code § 20-1405). Plaintiff and the trial court denominated this action as a "business tort."

    b. Plaintiff's petition also sounded in dissipation of corporate assets — mismanagement and malfeasance, by a corporate manager. The relationship of a corporate officer or director to the corporation and its stockholders is fiduciary or quasi-fiduciary, which requires that they act in utmost good faith. Kaplan's Nadler, Ga. Corporation Law 366, § 10-18 (3) supra; see generally 19 CJS 107, Corporations, § 761 (a) (b); 19 AmJur2d 679, Corporations, § 1272. "Directors and officers in the management and use of corporate property in which they act as fiduciaries and are trustees are charged with serving the interests of the corporation as well as those of all the stockholders." *King Mfg. Co. v. Clay,* 216 Ga. 581, 585 (118 SE2d 581). For a violation of these duties resulting in waste of the corporate assets or injury to such property, the directors and managers of a corporation are liable to account to the stockholders. *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (2) (94 SE2d 736). The plaintiff was a major stockholder (1/3). A breach of these fiduciary duties is sufficient to support an award of punitive damages arising out of such tortious misconduct. *Davis v. Ben O'Callaghan Co.,* 139 Ga. App. 22, 27 (227 SE2d 837), revd. in part 238 Ga. 218. *Davis,* supra, held that it was evident from the petition that the plaintiff was "seeking damages for a breach of duty [as opposed to a contractual right]. That renders this a suit ex delicto." Id. The Supreme Court, in *Davis v. Ben O'Callaghan Co.,* 238 Ga. 218 (232 SE2d 53), held: "The possibility of allowing a direct recovery by a shareholder was recognized, though not allowed, in the only Georgia Supreme Court decision dealing with Code Ann. § 22-714, *Pickett v. Paine,* 230 Ga. 786 (199 SE2d 223) (1973). In tort actions, corporate officials have been allowed to sue and be sued directly. [Cits.] Shareholders have been allowed to maintain direct actions against corporate officers and directors when to allow the corporation to retain the proceeds of the judgment would actually benefit the parties who were guilty of the very misconduct which gave rise to the action. [Cit.] Furthermore, where there is some relationship between the shareholder and the wrongdoer, arising out of a special fiduciary or contractual relationship, independent of the usual shareholder and director relationship, individual actions have been allowed

where there was a breach of such relationships." Id. at 222.

In addition to the plaintiff being a one-third holder of the stock in this corporation, he had been induced to part with an additional $1,500 and had signed a note for $9,000 to "pay alleged debts and provide 3,000 dollars for another [Bar review] course which representations were false and wilfully done to induce Plaintiff to hold secure the loan . . . [W]hereas the Defendants knew at the time that they intended to form a separate corporation and use the assets of Multi-State Lectures, Inc. for their own personal gain." Such allegations being admitted by default, an additional contractual relationship arose out of the rights of the parties based upon the co-signing of the promissory note. In addition, plaintiff sought recovery in his own right because to bring suit on behalf of the corporation would have benefited the very persons whose tortious conduct caused him the loss. See *Chalverus v. Wilson,* 212 Ga. 612 (2), supra; *Davis v. Ben O'Callaghan Co.,* 238 Ga. 218, 222-223, supra; Kaplan's Nadler, Ga. Corporation Law 366, § 10-18 supra; 19 AmJur2d 73-74, Corporations, §§ 535, 536; Id. at 681-682, § 1274.

c. Plaintiff also alleged that "the Defendants have committed fraud upon the Plaintiff in that both the Defendants have conspired to convert the assets of Multi-State Lectures, Inc. for their personal benefits and the benefit of Bar Review Group, Inc., a corporation owned solely by the Defendants . . ." The allegation of fraud being admitted by default — a suit based upon fraud is a tort action. Code Ann. § 105-301 (Code § 105-301).

d. Accordingly, as plaintiff's action sounded in tort, conversion, dissipation of assets of the corporation, mismanagement and malfeasance of the corporate managers, the action was ex delicto.

4. Where the action is ex delicto, plaintiff is required to establish his damages by evidence before a jury by CPA § 55 (a) (Code Ann. § 81A-155 (a); Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). As a jury was not impaneled, the judgment is void. *Gooden v. Blanton,* 140 Ga. App. 612 (231 SE2d 541); *Singleton v. Varnedoe,* 141 Ga. App. 311 (2) (234 SE2d 86).

5. Inasmuch as this case must be returned for a new trial for plaintiff to establish his damages, it should be noted by the trial court that our Code provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Code Ann. § 81A-154 (c) (1) (CPA § 54 (c) (1); Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). No judgment was rendered on the demand to be held harmless on the promissory note, but neither did plaintiff pray for the judgment rendered in the amount of $9,000 because of his contingent liability on the note.

6. The plaintiff-appellee has moved this Court "to supplement

and certify the Record in the above-styled case and to order the Clerk to send up documents" as requested. This we decline to do. Our Code provides that "[w]here any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties, and resolve the differences so as to make the record conform to the truth." Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24). Any issue as to the correctness of the record is to be resolved by the trial court(*Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612)), for that court retains jurisdiction even after the case is docketed in this Court to add additional record (*G. E. C. Corp. v. Southern Fabricators, Inc.,* 122 Ga. App. 452 (1a) (177 SE2d 497)), and "is still the final arbiter of any differences in the preparation of the record." *Miller v. State,* 150 Ga. App. 597, 599 (1) (258 SE2d 279). The Motion to Supplement the Record is denied.

## Case No. 61027

The issue of legality of a supersedeas bond in the instant case is controlled adversely to plaintiff by the decision in Case No. 61005, above.

*Judgments reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981.

*Barry L. Roseman,* for appellant.
*Marvin P. Nodvin, William A. Morrison, Jeffrey B. Bogart,* for appellee.