## 62559. ROBBINS et al. v. FARMERS & MERCHANTS BANK.

POPE, Judge.

Appellants purchased a vehicle and financed the purchase price of $3,183.34 with a loan from the Farmers & Merchants Bank. The total amount of the loan was $4,161.24. Under the terms of the loan agreement the bank obtained a security interest in the vehicle. The bank perfected the security interest by complying with the applicable provisions of the Georgia Motor Vehicle Certificate of Title Act, Code Ann. Ch. 68-4A. The bank subsequently took possession of the vehicle when the appellants failed to make the loan payments. The bank filed this action against appellants for the amount of the loan remaining unpaid, $3,310.56. The appellants answered, denying the allegations of the petition and brought a counterclaim by which they sought damages against the bank for conversion of the vehicle. The trial court granted a summary judgment in favor of the bank as to the counterclaim. This appeal arises from that order.

Appellants contend that the bank had an obligation to dispose of the collateral in a reasonable manner and apply the proceeds to the debt owed. They urge that the bank's failure to do this and its continued possession of their vehicle constitute a conversion of that vehicle. We disagree.

Once default occurred, the bank was authorized to take possession of the collateral. Code Ann. § 109A-9—503. Possession of the vehicle by the bank is therefore proper under the circumstances of this case and appellants' allegation that such possession constitutes conversion is without merit. Compare Code Ann. § 109A-9—505 (1). "Conversion involves the unauthorized assumption and exercise of right of ownership over personalty of another, contrary to the owner's rights." *Pelletier v. Schultz,* 157 Ga. App. 64, 65 (276 SE2d 118) (1981). The evidence of record affirmatively establishes as a matter of law that the bank's possession of the vehicle was authorized and not inconsistent with any rights of appellant. The grant of summary judgment on the counterclaim was therefore proper.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 25, 1982.

*J. A. Nolan,* for appellants.
*Donald W. Huskins,* for appellee.