71212, 71213. RAYNOR v. AMERICAN STATES INSURANCE COMPANY et al.; and vice versa.
(337 SE2d 43)

BANKE, Chief Judge.

The plaintiffs, a group of insurance carriers, sued to recover an alleged indebtedness owed to them by Insurance & Bonding Mart, Inc. Also named as defendants, in addition to Insurance & Bonding

Mart, Inc., were that company's President, Allene Brewer, and its Vice President, Thomas Raynor. The amount of the debt was undisputed. Both Brewer and Insurance & Bonding Mart, Inc., allowed the claims against them to go into default; and, based on the undisputed evidence introduced at trial to establish the amount of the indebtedness, the trial court directed a verdict against them for the full amount of the claim, or $79,596.41. The claim against defendant Thomas Raynor was submitted to the jury, as was a claim for attorney fees asserted against all the defendants. The jury returned a verdict in favor of the plaintiffs on all counts. However, the trial court granted Raynor's motion for judgment notwithstanding the verdict with respect to the award of attorney fees. Raynor appeals the judgment entered against him on the debt, while the plaintiffs cross-appeal from the grant of his motion for judgment notwithstanding the verdict with respect to the award of attorney fees.

The plaintiffs entered into an agency agreement with Insurance & Bonding Mart, Inc., in February of 1978, authorizing the latter to sell their insurance coverage and bind to them on such coverage. The agreement contemplated that Insurance & Bonding Mart would collect premiums for the policies which it sold, deduct its commission, and, based on monthly billing statements received from the plaintiffs, remit the balance to them. The agency agreement was terminated in January 1981, after a several month period during which the agent company became increasingly in arrears in its remittances to the plaintiffs. *Held*:

1. Raynor contends that the court erred in charging the jury that he could be held personally liable for the corporation's indebtedness based upon the "alter ego" doctrine.

"It can be said that the cardinal rule of corporate law is that the corporation possesses a legal existence separate and apart from that of its officers, employees, shareholders and directors. 6 EGL, Corporations, § 6 (1978 Rev.). A suit against the corporation cannot proceed against its members in their personal capacities unless some persuasive reason is presented for piercing the corporate veil. See, e.g., *Farmers Whse. of Pelham v. Collins*, 220 Ga. 141, 150 (137 SE2d 619) (1964); *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 411 (203 SE2d 597) (1973); *Hamilton Bank &c. Co. v. Holliday*, 469 FSupp. 1229, 1241 (N.D. Ga. 1979)." *Kilsheimer v. State*, 250 Ga. 549, 550 (299 SE2d 733) (1983). "Where the courts have disregarded the corporate entity because the corporation is the mere alter ego or business conduit of a person, it has generally been on the idea that the corporate entity has been used as a subterfuge and to observe it would be to work an injustice. 'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that

there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.' [Cits.]" *Farmers Whse. of Pelham v. Collins*, supra, 220 Ga. at 150. See also *Sheppard v. Tribble Heating &c., Inc.*, 163 Ga. App. 732 (1) (294 SE2d 572) (1982).

There is no evidence in the record before us which would support a finding that Raynor used the corporate entity in such a way as to make it a mere instrumentality for the transaction of his own affairs. It follows that the court erred in charging that liability might be imposed against him based on the alter ego theory.

2. The trial court also charged that Raynor might be found liable to the plaintiffs pursuant to OCGA § 14-2-153, which allows certain interested parties, including judgment creditors, to bring an action against one or more officers or directors of a corporation to obtain relief "for the benefit of the corporation," under certain specified circumstances. While acknowledging that such actions must ordinarily be maintained on behalf of the corporation and be based upon some breach of duty owed to the corporation by the defendant officer or director, the court instructed the jury, in reliance upon *Davis v. Ben O'Callaghan Co.*, 238 Ga. 218 (232 SE2d 53) (1977), that under certain extraordinary circumstances, a judgment creditor may maintain such an action for his own benefit. Pretermitting the question of whether the *Davis* exception might otherwise have any applicability to the present case, the plaintiffs obviously did not bring the present action against Raynor as judgment creditors of the corporation, nor was the action based on any alleged breach of duty owed by Raynor to the corporation. Therefore, the trial court also erred in charging on this theory of liability.

3. There being no evidence to support the imposition of liability against Raynor under either of the above theories, it follows that the trial court erred in denying Raynor's motion for judgment notwithstanding the verdict.

4. The remaining enumerations of error asserted in the main appeal are rendered moot by the foregoing. With respect to the plaintiffs' cross-appeal, it follows from the foregoing that Raynor's motion for judgment notwithstanding the verdict regarding the award of attorney fees was properly granted.

*Judgment reversed in Case No. 71212. Judgment affirmed in Case No. 71213. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985 —
REHEARING DENIED OCTOBER 28, 1985 —

*Alan I. Begner*, for appellant.

*Robert C. Semler, Douglas A. Wilde,* for appellees.